```
                    FILED
              U.S. DISTRICT COURT
              EASTERN DISTRICT OF LA

              2000 AUG -4  PM 4:41

              LORETTA G. WHYTE
                   CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SHAREEF COUSIN                                CIVIL ACTION

VERSUS                                        NO: 00-0069

ANTHONY SMALL, ET AL.                         SECTION: "R"(2)


### ORDER AND REASONS

Before the court is defendants' (Byron Berry, Harry Connick, Roger Jordan, and Greg Kennedy) motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and their motion to strike pursuant to Rule 12(f). As defendants cannot move to dismiss certain causes of action as insufficient under Rule 12(f), the Court recharacterizes that portion of their motion as a motion to dismiss under Rule 12(b)(6). For the following reasons, all three motions are denied.

I.  **Background**

A jury sentenced plaintiff Shareef Cousin to death for the March 2, 1995 murder of Michael Gerardi. *See State v. Cousin,*

DATE OF ENTRY
AUG 0 7 2000




710 So.2d 1065, 1066 (La. 1998). Plaintiff appealed, and the Louisiana Supreme Court overturned the conviction, remanding the case for further proceedings. *See id.* at 1073. The Louisiana Supreme Court found "clear violations of defendant's right to a fair trial." *Id.* Specifically, the prosecutor "improperly urged the jury to accept the substance of . . . hearsay statements and to use the statements to convict defendant," and the prosecution did not disclose exculpatory witness statements to the defense. *Id.* Following the Louisiana Supreme Court's decision to overturn plaintiff's conviction, the district attorney's office decided to dismiss the prosecution.

On January 7, 2000, plaintiff filed a convoluted complaint in the Eastern District of Louisiana, seeking relief under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state and federal tort law. In his complaint, plaintiff alleges a multitude of prosecutorial and law enforcement abuses. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and a prohibition against defendants using the same counsel. (Compl. ¶¶ A-H.)

Defendants move for a more definite statement before filing any responsive pleading, arguing that the complaint does not comply with the Fifth Circuit's heightened pleading standard for section 1983 claims against government officials. Further,

defendants move to strike certain portions of the complaint as redundant, immaterial, and insufficient. Plaintiff opposes these motions.

## II. Discussion

### A. Rule 12(e) Motion for a More Definite Statement

#### 1. Rule 12(e) Standard

A district court will grant a Rule 12(e) motion for a more definite statement when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* A party, however, may not use a Rule 12(e) motion as a substitute for discovery. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)("[A] motion for a more definite statement is not to be used to assist in getting the facts in preparation for trial as such."). See also *Nebout v. City of Hitchcock*, 71 F.Supp.2d 702, 706 (S.D. Tex. 1999). Moreover, given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell*, 269 F.2d at 132 ("In view of the great liberality of [Rule] 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is

sufficient to withstand a motion to dismiss."); *Gibson v. Deep Delta Contractors*, Inc., 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *See, e.g., Newcourt Leasing Corp. v. Regional Bio-Clinical Lab., Inc.*, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000).

2. Heightened Pleading

Defendants, however, do not simply move for a more definite statement under Rule 12(e). Rather, they argue that plaintiff's complaint does not comply with the Fifth Circuit's heightened pleading standard. As the Fifth Circuit recently explained in *Anderson v. Pasadena Independent School District*, 184 F.3d 439 (5th Cir. 1999), "plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation" of their civil rights. *Anderson*, 184 F.3d at 443 (citing *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)(en banc)). *See also Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 996 n.21 (5th Cir. 1993). Mere conclusory allegations will not suffice. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). But this heightened pleading requirement does not compel a plaintiff to fully anticipate a defense of partial immunity. Rather, "the court may, in its discretion, insist that a plaintiff file a reply

tailored to an answer pleading the defense of qualified immunity." *Schultea*, 47 F.3d at 1433-34. In contrast, "no heightened pleading is required in actions against individual defendants in their official capacities, because 'official-capacity lawsuits are typically an alternative means of pleading an action against the governmental entity involved.'" *Anderson*, 184 F.3d at 443 (quoting *Baker*, 75 F.3d at 195).

As plaintiff sued defendant Connick in his individual and official capacities, any purported uncertainty about whether defendants Berry, Johnson, and Kennedy were also sued in their individual capacities is irrelevant for the purposes of directing plaintiff to provide a more definite statement. For by suing Connick in his individual capacity, plaintiff activated the heightened pleading standard for his civil rights claims. To merit a court order directing plaintiff to provide a more direct statement, however, defendants must not only identify the defects, but also explain what detail is desired. While defendants' motion identifies a multitude of alleged defects, defendants only explain the desired detail in a few instances. Accordingly, the Court only addresses those defects for which defendants explained the desired clarification.

First, defendants complain that plaintiff does not assert how the section 1985 conspiracy began. A person injured as a

5

result of a conspiracy to interfere with his civil rights may bring an action under section 1985. Although plaintiff does not specify the subsection upon which he relies, he appears to invoke subsection three. To state a claim under section 1985(3),

> plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Deubert v. Gulf Fed. Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987)(citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828, 29, 103 S. Ct. 3352, 3356 (1983)). To establish a conspiracy, plaintiff must prove (1) that two or more people agreed to pursue an unlawful objective, (2) that the defendant voluntarily agreed to join the conspiracy, and (3) that one or more members of the conspiracy committed an overt act to further the objectives of the conspiracy. *See, e.g.*, 18 U.S.C. § 371. None of these elements requires plaintiff to allege "how" the conspiracy began. Therefore, the Court denies defendants' motion to require plaintiff to provide a more definite statement of how the various alleged conspiracies began.

Second, defendants complain that "[t]here are no specific allegations against the prosecutor defendants in terms of a

conspiracy." (Mem. Supp. Mot. at 2.) The Court disagrees. In paragraphs 109, 111, 113, 127, 129, 151, and 167, plaintiff accuses specific individuals of conspiring. Therefore, the Court denies defendants' motion to require plaintiff to provide a more definite statement of who participated in the various alleged conspiracies.

Third, defendants want plaintiff to identify dates wherein or acts whereby the defendants conspired with each other. While none of the elements requires plaintiff to specify exact dates, plaintiff must allege specific acts in furtherance of the conspiracy. But in paragraphs 109, 112, 127, 155-64, and 170, for example, plaintiff specifies specific acts taken in furtherance of the conspiracy. Moreover, most of these alleged acts are identified by date. Therefore, the Court denies defendants' motion to require plaintiff to identify specific dates and acts made in furtherance of the various alleged conspiracies.

Fourth, defendants complain that plaintiff has not set forth how the alleged conspiracies that violated his civil rights affected the plaintiff as a member of a protected class. Yet in paragraphs 111, 113, 128, 166, 167, and 197-202, plaintiff not only establishes himself as a member of a protected class, but also alleges how the alleged conspiracies violated his civil

rights. Therefore, the Court denies defendants' motion to require plaintiff to clarify his membership in a protected class and to specify how the various alleged conspiracies violated his civil rights.

Fifth, defendants assert that plaintiff does not specify which comments made by defendants were libelous. Yet in paragraph 195, plaintiff specifies a comment made by Connick on August 5, 1996. If this statement is the only statement made by defendants that plaintiff intends to charge as libelous, then the Court denies defendants' motion to require plaintiff to identify specific libelous comments. If, however, plaintiff intends to charge defendants with other libelous statements, those statements must be identified in an amended complaint.

### B.  Rule 12(f) Motion to Strike

Defendants also move to strike certain redundant and immaterial allegations and insufficient causes of action under Rule 12(f). Rule 12(f) provides that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."

*Augustus v. Board of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962)(quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). *See also Federal Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Accordingly, such a motion should only be granted when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey*, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998) (quoting *Veazie v. Southern Greyhound Lines*, 374 F. Supp. 811, 815 (E.D. La. 1994)). The movant establishes immateriality by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp.*, 1997 WL 266735, at *1 (E.D. La. May 15, 1997) (quoting *Succession of Wardlaw v. Whitney Nat'l Bank*, 1994 WL 479183, at *1 (E.D. La. Aug. 30, 1994)).

After carefully reviewing those portions of the complaint that defendants move to strike, (Compl. ¶¶ 214-226, ¶¶ 229-254, ¶¶ 258-297, ¶¶ 306-311, ¶¶ C, D, G), the Court denies defendants' Rule 12(f) motion in its entirety. First, even if the allegations are redundant, "unnecessary evidentiary details . . . are usually not stricken from the Complaint unless prejudicial or of no consequence to the controversy." *Kershenstine v. Martin*, 1999 WL 1201932, at *1 (E.D. La. Dec. 13, 1999) (quoting *In re*

*Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)). As the Court does not find the allegations to be prejudicial, the Court declines to strike the allegations as redundant. Moreover, as the Court is not convinced that the challenged allegations "can have no possible bearing upon the subject matter of the litigation," the Court also declines to strike the allegations as immaterial. Second, defendants challenge a number of causes of action as insufficient. Only defenses, however, may be stricken as insufficient under Rule 12(f). FED. R. CIV. P. 12(f). Therefore, the Court denies defendants' motion to strike under Rule 12(f).

C. **Rule 12(b)(6)**

While defendants may not challenge causes of action as insufficient under Rule 12(f), they may challenge them under Rule 12(b)(6). Accordingly, the Court recharacterizes defendants' motion to dismiss certain causes of action as a Rule 12(b)(6) motion to dismiss.

As a threshold matter, a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Within the "strong framework of policy considerations that militate against granting [Rule 12(b)(6)] motions," the Fifth Circuit has developed two

10

primary principles to evaluate motions to dismiss. *Id.* First, a court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker*, 75 F.3d at 196; *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Second, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 78 S. CT.. 99, 102 (1957). Dismissal, however, is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). And "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*

After reviewing the complaint, the Court is not convinced that plaintiff cannot prove any facts in support of his various challenged claims that would entitle him to relief. Moreover, the Court notes that two of the challenged causes of action do not purport to be causes of action. Instead, the challenged paragraphs raise a potential conflict of interest issue or specify specific prayers for relief, which are not subject to dismissal under Rule 12(b)(6). Therefore, the Court denies

defendants' motion to dismiss certain causes of action as insufficient.

### D. Immunity

The Court notes that defendants have not asked the Court to dismiss this case on the grounds of absolute or qualified immunity. Defendants' supporting memorandum is replete, however, with references to "absolute immunity." If defendants intended to raise immunity issues, these motions were not the way to do it.

## III. Conclusion

For the foregoing reasons, the Court denies defendants' motion for a more definite statement, denies defendants' motion to strike, and denies defendants' motion to dismiss certain causes of action.

New Orleans, Louisiana, this 4th day of August, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE