



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

Jan 8  3 46 PM '01

CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | |
| versus | * | NO. 00-0069 |
| | * | |
| ANTHONY SMALL, ET AL | * | |
| Defendants | * | SECTION "R", MAG. 2 |

\*    \*    \*    \*    \*    \*    \*    \*

### ANSWER OF DEFENDANTS DISTRICT ATTORNEY
### HARRY CONNICK AND ASSISTANT DISTRICT ATTORNEYS
### BYRON BERRY, ROGER JORDAN and GREG KENNEDY

NOW INTO COURT, through undersigned counsel, come defendants District

Attorney Harry F. Connick and Assistant District Attorneys Byron Berry, Roger Jordan

and Greg Kennedy and make the following response to the Complaint filed herein, to-

wit:

### FIRST DEFENSE

The defendants are, in their individual capacities, absolutely immune from suit for

any alleged violations of plaintiff's civil rights, arising out of their actions which were

taken within the scope of their traditional role as prosecutors.

### SECOND DEFENSE

Additionally, the defendants, in their individual capacities, enjoy a qualified

1

immunity from suit for any alleged violations of plaintiff's civil rights, arising out of their good faith actions which may have fallen outside the scope of their traditional role as prosecutors.

### THIRD DEFENSE

The complaint fails to state a claim against the defendants, District Attorney Harry F. Connick and Assistant District Attorneys Berry, Jordan, and Kennedy upon which any relief may be granted by this Court.

### FOURTH DEFENSE

Defendants, in their official capacities, are immune from suit in federal court by virtue of the Eleventh Amendment, inasmuch as each and every action taken by them, or any one of them, was taken in the course and scope of their authority as officials of the judicial branch of government of the State of Louisiana and in connection with their representation of the State of Louisiana in the criminal prosecution of plaintiff COUSIN on a charge of violation of a state criminal statute, to-wit, first degree murder.

### FIFTH DEFENSE

Certain of the claims and/or causes of action asserted by Plaintiff COUSIN have prescribed.

### SIXTH DEFENSE

Plaintiff COUSIN has no right of action with respect to certain of the claims and/or causes of action asserted in the Complaint filed on his behalf.

1

AND NOW BY WAY OF FURTHER ANSWER, the defendants, District Attorney Harry F. Connick and Assistant District Attorneys Byron Berry, Roger Jordan, and Greg Kennedy, make the following response to the allegations contained in the complaint, to-wit:

1.    Defendants admit that this Court has original jurisdiction over the federal claims asserted in the Complaint. Defendants respectfully suggest that after, further proceedings thereon, this Court should decline to exercise its pendent jurisdiction over plaintiff's state claims. Defendants admit that at all times pertinent hereto any actions taken by them with respect to the criminal prosecution of plaintiff Shareef Cousin were taken not only under color of state law, but pursuant to their authority and obligations as officials of the judicial branch of government of the State of Louisiana.

2.    Admitted.

3.    Denied.

4.    Admitted.

5.    Defendants admit the allegations regarding the status of the Defendant CITY OF NEW ORLEANS and its supervisory responsibility for the defendant police officers. Allegations regarding "vicarious liability" are legal conclusions; insofar as any answer to such allegations may be necessary, they are denied.

6.    Defendants admit that Defendant PENNINGTON is and was, at all times pertinent hereto, Chief of Police of the New Orleans Police Department and, as such, the department's final policymaker. The balance of the allegations of ¶6 are denied.

2

7.    Defendants admit that defendant CONNICK is and was at all times pertinent hereto the District Attorney in and for the Parish of Orleans, State of Louisiana. As such, Defendant CONNICK is and was a final policymaker regarding the representation of the State of Louisiana in criminal prosecutions in Orleans Parish. The balance of the allegations contained in ¶7 are denied.

8.    Defendants admit that defendant JORDAN is and was, at all times pertinent hereto, an Assistant District Attorney in and for the Parish of Orleans, State of Louisiana. The balance of the allegations contained in ¶8 are denied.

9.    Defendants admit that defendant KENNEDY is and was, at all times pertinent hereto, an Assistant District Attorney in and for the Parish of Orleans, State of Louisiana. The balance of the allegations contained in ¶9 are denied.

10.    Defendants admit that defendant BERRY is and was, at all times pertinent hereto, an Assistant District Attorney in and for the Parish of Orleans, State of Louisiana. The balance of the allegations contained in ¶10 are denied.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    The allegations of ¶14 require no answer.

15.    The allegations of ¶15 require no answer.

16.    Denied.

3

17.    The allegations of ¶17 are denied for lack of information sufficient to justify belief.

18.    The allegations of ¶18 are denied for lack of information sufficient to justify belief.

19.    The allegations of ¶19 are denied for lack of information sufficient to justify belief.

20.    The allegations of ¶20 are denied for lack of information sufficient to justify belief.

21.    The allegations of ¶21 are denied for lack of information sufficient to justify belief.

22.    The allegations of ¶22 are denied for lack of information sufficient to justify belief.

23.    The allegations of ¶23 are denied for lack of information sufficient to justify belief.

24.    The allegations of ¶24 are denied for lack of information sufficient to justify belief.

25.    The allegations of ¶25 are denied for lack of information sufficient to justify belief.

26.    The allegations of ¶26 are denied for lack of information sufficient to justify belief.

4

27.    The allegations of ¶27 are denied for lack of information sufficient to justify belief.

28.    The allegations of ¶28 are denied for lack of information sufficient to justify belief.

29.    The allegations of ¶29 are denied for lack of information sufficient to justify belief.

30.    Denied.

31.    The allegations of ¶31 are denied for lack of information sufficient to justify belief.

32.    The allegations of ¶32 are denied for lack of information sufficient to justify belief.

33.    The allegations of ¶33 are denied for lack of information sufficient to justify belief.

34.    The allegations of ¶34 are denied for lack of information sufficient to justify belief.

35.    The allegations of ¶35 are denied for lack of information sufficient to justify belief.

36.    The allegations of ¶36 are denied for lack of information sufficient to justify belief.

37.    The allegations of ¶37 are denied for lack of information sufficient to justify belief.

38.    The allegations of ¶38 are denied for lack of information sufficient to justify belief.

39.    The allegations of ¶39 are denied for lack of information sufficient to justify belief.

40.    Defendants admit that defendant JORDAN has been employed as an Assistant District Attorney in and for the Parish of Orleans, State of Louisiana for a number of years.  The balance of the allegations of ¶40 are denied.

41.    Denied.

42.    Decisions of the Louisiana courts are themselves the best evidence of their contents, and plaintiff's citation to these decisions requires no answer.  Insofar as the balance of the allegations contained in ¶42 require any answer, they are denied.

43.    Decisions of the Louisiana courts are themselves the best evidence of their contents, and plaintiff's citation to these decisions requires no answer.  Insofar as the balance of the allegations contained in ¶43 require any answer, they are denied.

44.    Decisions of the Louisiana courts are themselves the best evidence of their contents, and plaintiff's citation to these decisions requires no answer.  Insofar as the balance of the allegations contained in ¶44 require any answer, they are denied.

45.    Denied.

46.    The allegations of ¶46 are denied for lack of sufficient information to justify belief.

6

47.    Denied.

48.    Denied.

49.    Denied.

50.    Defendant Connick admits that he continues to dispute that any Brady material was withheld from the defense during the prosecution of State of Louisiana v. Shareef Cousin. The balance of the allegations of ¶50 are denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    The allegations of ¶56 are so vague that defendants are unable to formulate a response. Insofar, as defendants must respond, the allegations are denied.

57.    Denied.

58.    Denied.

59.    Defendants admit that Defendant Jordan has received promotions; he is now serving as Chief of Trials. The balance of the allegations of ¶59 are denied.

60.    Defendants admit that Michael Gerardi was shot outside the Port of Call restaurant on March 2, 1995. The balance of the allegations of ¶60 are denied.

61.    The allegations of ¶61 are denied for lack of information sufficient to justify belief.

62.    The allegations of ¶62 are denied for lack of information sufficient to justify belief.

63.    Defendants admit that Michael Gerardi suffered a single gunshot wound to the head.  The balance of the allegations of ¶63 are denied for lack of information sufficient to justify belief.

64.    The allegations of ¶64 are denied for lack of information sufficient to justify belief.

65.    Denied.

66.    Defendants admit that Defendant SMALL executed a request for the issuance of an arrest and search warrant in connection with his investigation.  The supporting affidavit speaks for itself.

67.    The allegations of ¶67 are denied for lack of sufficient information to justify belief.

68.    Denied.

69.    Denied.

70.    The allegations of ¶70 are denied for lack of sufficient information to justify belief.

71.    Denied.

72.    The allegations of ¶72 are denied for lack of sufficient information to justify belief.

73.    The allegations of ¶73 are denied for lack of sufficient information to justify belief.

74.    The allegations of ¶74 are denied for lack of sufficient information to justify belief.

75.    The allegations of ¶75 are denied for lack of sufficient information to justify belief.

76.    The allegations of ¶76 are denied for lack of sufficient information to justify belief.

77.    The allegations of ¶77 are denied for lack of sufficient information to justify belief.

78.    The allegations of ¶78 are denied for lack of sufficient information to justify belief.

79.    The allegations of ¶79 are denied for lack of sufficient information to justify belief.

80.    The allegations of ¶80 are denied for lack of sufficient information to justify belief.

81.    Denied.

82.    Denied.

83.    The allegations of ¶83 are denied for lack of sufficient information to justify belief.

84.    The allegations of ¶84 are denied for lack of sufficient information to justify belief.

85.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction".  The balance of the allegations of ¶85 are denied for lack of sufficient information to justify belief.

86.    The allegations of ¶86 are denied for lack of sufficient information to justify belief.

87.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction".  The balance of the allegations of ¶87 are denied for lack of sufficient information to justify belief.

88.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction".  The balance of the allegations of ¶88 are denied for lack of sufficient information to justify belief.

89.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction".  The balance of the allegations of ¶89 are denied for lack of sufficient information to justify belief.

90.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction".  The balance of the allegations of ¶90 are denied for lack of sufficient information to justify belief.

91.    Denied.

10

92.    The allegations of ¶92 are denied for lack of sufficient information to justify belief.

93.    The allegations of ¶93 are denied for lack of sufficient information to justify belief.

94.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶94 are denied for lack of sufficient information to justify belief.

95.    The allegations of ¶95 are denied for lack of sufficient information to justify belief.

96.    The allegations of ¶96 are denied for lack of sufficient information to justify belief.

97.    Denied.

98.    The allegations of ¶98 are denied for lack of sufficient information to justify belief.

99.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶99 are denied for lack of sufficient information to justify belief.

100.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶100 are denied for lack of sufficient information to justify belief.

11

101.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶101 are denied for lack of sufficient information to justify belief.

102.    Defendants deny that they, or any one of them, took any action to "cover up" actions taken by any person, nor did they, or any one of them, fabricate evidence against plaintiff COUSIN. The balance of the allegations of ¶102 are denied for lack of sufficient information to justify belief.

103.    The allegations of ¶103 are denied for lack of sufficient information to justify belief.

104.    Defendants admit that a taped statement was taken from Connie Babin on March 5, 1995. The tape speaks for itself. The balance of the allegations of ¶104 are denied for lack of sufficient information to justify belief.

105.    The allegations of ¶105 require no answer. The tape speaks for itself.

106.    The allegations of ¶106 require no answer. The tape speaks for itself.

107.    Defendants deny that Defendant JORDAN secured or attempted to secure false testimony from any witness. The balance of the allegations of ¶107 are denied for lack of sufficient information to justify belief.

108.    Denied.

109.    Defendants admit that Defendant JORDAN received Ms. Babin's statement prior to trial; defendants further admit that Defendant JORDAN met with Ms. Babin to prepare her to testify at trial. The balance of the allegations of ¶109 are

12

·

denied.

110.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶110 are denied for lack of sufficient information to justify belief.

111.    Denied.

112.    Defendants admit that Defendant JORDAN had various conversations with Ms. Babin. The balance of the allegations of ¶112 are denied.

113.    Denied.

114.    Denied.

115.    The allegations of ¶115 are denied for lack of sufficient information to justify belief.

116.    The allegations of ¶116 are denied for lack of sufficient information to justify belief.

117.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶110 are denied for lack of sufficient information to justify belief.

118.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". Defendants further deny that they, or any one of them, participated in any conspiracy to suppress evidence in plaintiff's prosecution for murder. The balance of the allegations of ¶118 are denied for lack of sufficient information to justify belief.

13

119.   Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶119 are denied for lack of sufficient information to justify belief.

120.   The allegations contained at ¶120 require no answer. The report speaks for itself.

121.   The allegations of ¶121 are denied for lack of sufficient information to justify belief.

122.   The allegations of ¶122 are denied for lack of sufficient information to justify belief.

123.   Denied.

124.   The allegations of ¶124 are denied for lack of sufficient information to justify belief.

125.   The allegations of ¶125 are denied for lack of sufficient information to justify belief.

126.   The allegations of ¶126 are denied for lack of sufficient information to justify belief.

127.   Defendants deny that they, or any one of them, conspired to fabricate evidence in connection with plaintiff's prosecution on charges of murder.

128.   Denied.

129.   Denied.

14

130.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶130 are denied for lack of sufficient information to justify belief.

131.    Defendants deny that any information was withheld from plaintiff's criminal defense counsel in an attempt to secure a "false conviction". The balance of the allegations of ¶131 are denied for lack of sufficient information to justify belief.

132.    The allegations of ¶132 are denied for lack of sufficient information to justify belief.

133.    The allegations of ¶133 are denied for lack of sufficient information to justify belief.

134.    The allegations of ¶134 are denied for lack of sufficient information to justify belief.

135.    The allegations of ¶135 are denied for lack of sufficient information to justify belief.

136.    The allegations of ¶136 are denied for lack of sufficient information to justify belief.

137.    The allegations of ¶137 are denied for lack of sufficient information to justify belief.

138.    Denied.

139.    The allegations of ¶139 are denied for lack of sufficient information to justify belief.

140.    Denied.

141.    The allegations of ¶141 are denied for lack of sufficient information to justify belief.

142.    The allegations of ¶142 are denied for lack of sufficient information to justify belief.

143.    The allegations of ¶143 are denied for lack of sufficient information to justify belief.

144.    Denied.

145.    The allegations of ¶145 are denied for lack of sufficient information to justify belief.

146.    The allegations of ¶146 are denied for lack of sufficient information to justify belief.

147.    Denied.

148.    Denied.

149.    Defendants admit that Defendant KENNEDY presented the case against Shareef Cousin to the Grand Jury, and that the Grand Jury returned an indictment charging Shareef Cousin with first degree murder.  The balance of the allegations of ¶149 are denied.

150.    Defendants admit that plaintiff COUSIN relied upon an alibi defense during his prosecution on the charge of murder.  The balance of the allegations of ¶150 are denied.

16

151.    Denied.

152.    Defendants admit that Defendant KENNEDY attended a three day
seminar sponsored by the FBI, but deny the conversation as alleged.  Further,
defendants admit that defendant KENNEDY was provided the identity of alibi witnesses
by Willard Hill and interviewed the witnesses prior to presentation of the case to the
Grand Jury.

153.    The allegations of ¶153 are denied for lack of sufficient information to
justify belief.

154.    Denied.

155.    Defendants admit that Coach Eric White received a DA subpoena
pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by
defendant JORDAN or other DA personnel in preparation for trial.  The balance of the
allegations of ¶155 are denied.

156.    Defendants admit that Arian White received a DA subpoena pursuant to
La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN
or other DA personnel in preparation for trial.  The balance of the allegations of ¶156
are denied.

157.    Defendants admit that James Smith received a DA subpoena pursuant to
La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN
or other DA personnel in preparation for trial.  The balance of the allegations of ¶157
are denied.

158.    Defendants admit that Sheila White received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial. The balance of the allegations of ¶158 are denied.

159.    Defendants admit that Raymond Goodwill received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial. The balance of the allegations of ¶159 are denied.

160.    Defendants admit that Don Matthieu received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial. The balance of the allegations of ¶160 are denied.

161.    Defendants admit that Aaron Williams received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial. The balance of the allegations of ¶161 are denied.

162.    Defendants admit that Romanza Hayes received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial. The balance of the allegations of ¶162 are denied.

18

163.    Defendants admit that Rene Douglas received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial.  The balance of the allegations of ¶163 are denied.

164.    Defendants admit that Raymond Douglas received a DA subpoena pursuant to La. Code of Criminal Procedure, article 66, and was interviewed by defendant JORDAN or other DA personnel in preparation for trial.  The balance of the allegations of ¶164 are denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Admitted.

170.    Denied.

171.    Denied.

172.    Defendants deny that any witness was "secreted" from the defense.

173.    Defendants deny that any witness was "secreted" from the defense.

174.    Defendants deny that any witness was "secreted" from the defense.

175.    Defendants admit that defendant BERRY testified at the Motion for New Trial.  The balance of the allegations of ¶175 are denied.

176.  Denied.

177.  Denied.

178.  Denied.

179.  Defendants admit that no disciplinary action has been taken against either defendant JORDAN or defendant BERRY.  The balance of the allegations of ¶179 are denied.

180.  The defendants deny that any Brady material was withheld from the defense in the prosecution of plaintiff on the charge of first degree murder; the defendants further deny that they participated in any attempt to "cover up the evidence" or to "secure a false conviction".  The balance of the allegations of ¶175 are denied for lack of sufficient information to justify belief.

181.  Denied.

182.  Denied.

183.  Denied.

184.  Defendants admit that defendant JORDAN withdrew from the prosecution of plaintiff for first degree murder.  The balance of the allegations of ¶184 are denied.

185.  Denied.

186.  The allegations of ¶186 are so vague as to be meaningless.  It is impossible for defendants to frame a response thereto.

187.  Denied.

20

188.    The allegations of ¶188 require no answer.  Any articles published in the media regarding the prosecution of plaintiff COUSIN for first degree murder speak for themselves.

189.    Denied.

190.    Denied.

191.    Defendants deny that any published reports of the police investigation and/or the prosecution of plaintiff COUSIN for first degree murder were false.  The balance of the allegations of ¶191 require no answer.  Any articles published in the media speak for themselves.

192.    Defendants deny that any published reports of the police investigation and/or the prosecution of plaintiff COUSIN for first degree murder were false.  The balance of the allegations of ¶192 require no answer.  Any articles published in the media speak for themselves.

193.    Defendants deny that any published reports of the police investigation and/or the prosecution of plaintiff COUSIN for first degree murder were false.  The balance of the allegations of ¶193 require no answer.  Any articles published in the media speak for themselves.

194.    Defendants deny that any published reports of the police investigation and/or the prosecution of plaintiff COUSIN for first degree murder were false.  The balance of the allegations of ¶194 require no answer.  Any articles published in the media speak for themselves.

195.    Defendants deny that any of their remarks or comments defamed plaintiff COUSIN. Specifically, Defendants deny that defendant CONNICK's remarks to the Louisiana Weekly were defamatory.

196.    Defendant CONNICK admits that his opinion of plaintiff's guilt remains unchanged. The balance of the allegations of ¶196 are denied.

197.    Defendants deny that any racism or bias motivated them, or any one of them, in their prosecution of plaintiff COUSIN for murder. The balance of the allegations of ¶197 are so vague as to be meaningless. It is impossible for defendants to frame a further response thereto.

198.    Allegations regarding the contents of media reports require no answer; these reports speak for themselves. The balance of the allegations of ¶198 are denied for lack of sufficient information to justify belief.

199.    The allegations of ¶199 are so vague as to be meaningless; defendants are unable to frame an answer. Insofar as an answer may be required, the allegations of ¶199 are denied.

200.    Defendants deny for lack of information sufficient to justify belief that plaintiff COUSIN was the first criminal defendant to receive the death sentence in connection with a crime committed at the age of 16. The allegations of ¶200 regarding an unidentified "study" are too vague to permit response. The balance of the allegations of ¶200 are merely conclusory. Insofar as those conclusory allegations require an answer, they are denied.

22

201.    The allegations of ¶201 are denied for lack of sufficient information to justify belief.

202.    Defendants deny any racial motive in the exercise of peremptory challenges during jury selection in the criminal prosecution of plaintiff COUSIN for murder.  The balance of the allegations of ¶202 are denied for lack of sufficient information to justify belief.

203.    The allegations of ¶203 are denied for lack of information sufficient to justify belief.

204.    The allegations of ¶204 are denied for lack of information sufficient to justify belief.

205.    The allegations of ¶205 are denied for lack of information sufficient to justify belief.

206.    The allegations of ¶206 are denied for lack of information sufficient to justify belief.

207.    The defendants admit that they knew and intended the Plaintiff COUSIN would remain incarcerated until disposition of the charge of first degree murder returned against him by the Grand Jury.  The balance of the allegations of ¶207 are denied.

208.    Defendants admit that they expected that the media would report upon the prosecution of plaintiff COUSIN for first degree murder.  The balance of the allegations of ¶208 are denied.

209.   Defendants admit that they expected plaintiff COUSIN to be required to attend the trial of the charge of first degree murder.  Defendants admit that the death penalty was sought in connection with the prosecution of plaintiff COUSIN on the charge of first degree murder.  The balance of the allegations of ¶209 are denied.

210.   Admitted.

211.   The allegations of ¶211 require no further answer.

212.   The allegations of ¶212 require no further answer.

213.   Denied.

214.   The allegations of ¶214 require no further answer.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   The allegations of ¶220 require no further answer.

221.   The allegations of ¶221 require no further answer.

222.   The allegations of ¶222 require no further answer.

223.   Denied.

224.   ¶224 asserts legal conclusions which require no answer.

225.   Denied.

226.    Denied.

227.    The allegations of ¶227 require no further answer.

228.    Denied.

229.    The allegations of ¶229 require no further answer.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    The allegations of ¶239 are so vague as to be meaningless, and defendants are unable to form a proper response.  Insofar as answer may be required, the allegations of ¶239 are denied.

240.    The allegations of ¶240 require no further answer.

241.    Denied.

242.    Denied.

243.    Denied.

244.   The allegations of ¶244 require no further answer.

245.   The allegations of ¶245 are repetitive, containing allegations of a cause of action identical to that asserted at ¶s 222-226, and should be stricken. Insofar as any further answer is required, the allegations of ¶245 are denied.

246.   The allegations of ¶246 are repetitive, containing allegations of a cause of action identical to that asserted at ¶s 222-226, and should be stricken. Insofar as any further answer is required, the allegations of ¶246 are denied.

247.   The allegations of ¶247 are repetitive, containing allegations of a cause of action identical to that asserted at ¶s 222-226, and should be stricken. Insofar as any further answer is required, the allegations of ¶247 are denied.

248.   The allegations of ¶248 require no further answer.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   The allegations of ¶255 require no further answer.

256.   Denied.

257.   Denied.

258.    The allegations of ¶258 require no further answer.

259.    Denied.

260.    The allegations of ¶260 require no further answer.

261.    Denied.

262.    Defendants deny that their actions in connection with the prosecution of plaintiff COUSIN for first degree murder were in any manner or fashion illegal.

263.    Denied.

264.    Denied.

265.    The allegations of ¶265 require no further answer.

266.    Denied.

267.    Denied.

268.    The allegations of ¶268 assert legal conclusion which require no answer. Insofar as any answer may be required, the allegations of ¶268 are denied.

269.    The allegations of ¶269 assert legal conclusions and, as such, require no answer.

270.    Denied.

271.    Denied.

272.    Denied.

273.    The allegations of ¶273 are denied are lack of information sufficient to justify belief.

27

274.    The allegations of ¶274 are denied are lack of information sufficient to justify belief.

275.    The allegations of ¶275 are denied are lack of information sufficient to justify belief.

276.    The allegations of ¶276 are denied are lack of information sufficient to justify belief.

277.    The allegations of ¶277 are denied are lack of information sufficient to justify belief.

278.    The allegations of ¶278 are denied are lack of information sufficient to justify belief.

279.    The allegations of ¶279 are denied are lack of information sufficient to justify belief.

280.    The allegations of ¶280 are denied are lack of information sufficient to justify belief.

281.    The allegations of ¶281 are denied are lack of information sufficient to justify belief.

282.    Denied.

283.    Denied.

284.    The allegations of ¶284 are denied are lack of information sufficient to justify belief.

28

285.    Denied.

286.    The allegations of ¶286 are denied are lack of information sufficient to

justify belief.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    The allegations of ¶304 are denied for lack of information sufficient to justify belief.

305.    The allegations of ¶305 require no further answer.

306.    The allegations of ¶306 require no further answer.

307.    Denied.

308.    Denied.

309.    The allegations of ¶309 assert legal conclusions and, as such, require no answer.

310.    The allegations of ¶310 assert legal conclusions and, as such, require no answer.

311.    ¶311 contains no allegation of fact and, therefore, requires no answer.

WHEREFORE Defendants District Attorney HARRY F. CONNICK, Assistant District Attorney ROGER JORDAN, BYRON BERRY and GREG KENNEDY pray that this Answer be deemed sufficient and, that after due proceedings are had herein, there be judgment in their favor, dismissing Plaintiff's suit at his cost.  Defendants further pray that, after all due proceedings are had herein, they be awarded attorney's fees as prevailing parties.

Respectfully Submitted,

**WESSEL & ASSOCIATES
A LAW CORPORATION**

WILLIAM F. WESSEL (#8551)

30

VICTORIA L. BARTELS (2791)
127 Camp Street
New Orleans, LA 70130
Telephone (504) 568-1112
Facsimile (504) 568-1208
Attorneys for the Defendants,
Harry F. Connick, Byron Berry,
Roger Jordan and Greg Kennedy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding, by mailing same to each by First Class United States Mail, properly addressed and postage prepaid on this ___ day of January, 2001.

31