UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 29 PM 1: 22

LORETTA G. WHYTE
CLERK

SHAREEF COUSIN,                          )
                                         )
                Plaintiff,               )
                                         )
v.                                       )    Civil No. 00-0069
                                         )    Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and           )    CIVIL RIGHTS under 42 U.S.C.
   PATRICK JOHNSON, NOPD Officers,       )    §§ 1983, 1985, 1986 & 1988
   along with BYRON BERRY, also          )
ROGER JORDAN & GREG KENNEDY,             )
   individually and in their             )
   capacities as senior Assistant        )
   District Attorneys,                   )
HARRY CONNICK, individually and          )
   in his capacity as District           )
   Attorney for Orleans Parish,          )
RICHARD PENNINGTON, in his               )
   capacity as Superintendent, New       )
   Orleans Police Department, the        )
CITY OF NEW ORLEANS, & JOHN DOE,         )
   an unknown Officer of the New         )
   Orleans Police Department,            )    *JURY TRIAL*
                                         )
                Defendants.              )
                                         )
_____)

## PLAINTIFF'S MOTION FOR PERMISSION TO FILE BELATED RESPONSE TO THE *"MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT* FILED BY DEFENDANTS CONNICK, KENNEDY, BERRY AND JORDAN"

COMES NOW, the Plaintiff, and moves that this Court grant permission for Plaintiff to file

the attached belated response to the Defendants[1] motion to dismiss, or for summary judgment,

_____

[1] In this pleading, the "Defendants" refer only to Defendants Connick, Kennedy, Berry and Jordan, present or former prosecutors with the Office of the District Attorney.

DATE OF ENTRY
JAN 3 1 2001

1

Process
Dktd
CtRmDep
Doc.No.

pending additional discovery or, in the alternative, to deny the motion.

In support of his motion, Plaintiff states as follows:[2]

## I.    COUNSEL FOR PLAINTIFF APOLOGIZES FOR FAILING TO MEET THE COURT'S DEADLINE

1. First, counsel for Plaintiff must apologize for failing to file a response to Defendants' Motion to Dismiss by the time apparently required by the rules.    While it is not intended as an excuse for this omission, the overwhelming majority of undersigned counsel's practice is capital criminal litigation, and counsel only agreed to represent Plaintiff in this case because the issues were so important, and because counsel could locate nobody else who would take primary responsibility for the case.[3]

2. Counsel did not know that the responsive pleading was due eight days prior to the scheduled hearing. Cf. *F.R.Civ. P. 56(c)* ("The adverse party prior to the day of hearing may serve opposing affidavits."); *Uniform District Court Rules, Local Civil Rule 56.2*.  Due to a lack of experience before this Court, counsel did not understand that *Local Rule 7.5E* controlled or superceded these other rules.

3. This is a case of great importance, both to Plaintiff and to the administration of justice in Orleans Parish.  Counsel respectfully requests that this Court excuse his error.

---

[2] Plaintiff has asked counsel for the defendant prosecutors whether they have any objection to this motion, and has been informed that they do.

[3] Indeed, the only counsel with experience in this area, Mr. Laurent, while he has not yet formally moved to withdraw, is in a conflict posture at this point since he has taken employment with the Office of the City Attorney.

2

## II.    THERE ARE EQUITABLE REASONS FOR ALLOWING THE BELATED FILING OF THE PLEADINGS

4.    Quite apart from whatever errors counsel may have made, the equities compel the conclusion that the belated response should be allowed.  The Defendants only filed their *Answer* to the Complaint on January 4, 2001, received by counsel on January 8, 2001.  This clearly violated the rules. *F.R.Civ.P. 12(a)*.  Indeed, this came one year after it was filed, despite the Court's order on August 31, 2001, that all "[a]mendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than 30 days from the date of the Preliminary Conference [i.e., October 1, 2000]." *Minute Entry, at 2 (Aug. 31, 2000)*.[4]

5.    On the same day, counsel received the Defendants' Interrogatories and Request for Production of Documents.  Counsel immediately began seeking to comply.

6.    On January 12, 2001, the "Police Officer Defendants" field similar discovery requests, which counsel also prepared to answer.

7.    Counsel received the *Motion to Dismiss*, along with the attached *Memorandum* and affidavits, on January 16, 2001.  If counsel was meant to reply eight days prior to the proposed hearing on January 31, 2001, that meant that a response was due on January 23, 2001.[5]  By the

---

[4]  While Plaintiff might theoretically file a motion for sanctions for the months of delay in filing an answer, undersigned counsel does not feel that it is merited. See, e.g., Gonzalez v. City of New York, 104 F.Supp.2d 193 (S.D.N.Y. 2000) (denial of default judgment for failure to answer the complaint in a timely fashion where the defendants reasonably expected that settlement was imminent); Tevelson v. Life & health Insurance Co., 1985 U.S. Dist. LEXIS 20149, *3 (E.D.Pa. 1985) ("Technically, defendants failure to answer plaintiff's complaint could be construed as an admission of the truth of all the averments of the complaint."; denial of default judgment for failure to answer in a timely fashion, but lesser sanction applied). However, this factor should be taken into account in wondering whether the Defendants have sufficiently clean hands to demand a radical sanction for Plaintiff's six-day error.

[5]  To be sure, counsel concedes that it would have been more appropriate if he has sought additional time *prior* to the deadline expiring.  However, that goes back to counsel's mistake

3

timing of the filing of the motion, and the setting of the hearing, counsel was provided only seven days in which to respond.

8. While counsel, again, does not propose that hectic schedules provide a license to miss deadlines, again the balance of equities reveal that this was an insufficient time for the kind of thorough response necessary. Without discussing all of the obligations counsel had during this time, on January 12, in a capital trial[6] where counsel had only been appointed for 30 days, counsel was allowed just one week--until January 19--in which to do all the investigation, research and drafting necessary for the filing of a motion for a continuance of the February 5, 2001, trial date. This motion (40 pages long, with an *ex parte* supplement, and a lengthy appendix) took much of that week, working until late in the night.[7] The motion was set to be heard on Wednesday, January 24, which was the same day as sentencing in a capital trial that counsel had completed in Tangipahoa Parish, in December.[8]

9. In the meantime, on January 23, counsel had to be in Florida with respect to a capital case in that state.

III.    **IN PART DUE TO THE DEFENDANTS' DELAY IN AGREEING TO DEPOSITIONS, PLAINTIFF HAS NOT BEEN ABLE TO TAKE DISCOVERY NECESSARY TO THE DISPOSITION OF THIS MOTION**

10. It is not undersigned counsel's purpose to place any blame on counsel for the Defendants

discussed earlier.

[6] This was *State of Louisiana v. Marcell O'Conner*, No. 07-98-62 (East Baton Rouge Parish).

[7] Counsel was also host to a training program that was given by Hon. Ginger Berrigan on January 19, 2001.

[8] This was *State of Louisiana v. Charles Rodriguez*, No. 84,077 (Tangipahoa Parish), where the jury returned a life sentence on December 9, 2000.

4

in this matter, since the responsibility is undersigned counsel's alone. However, it was counsel's intent to ensure that there was discovery on critical issues prior to responding to the Defendants' motion.

11.  Indeed, in their memorandum, the Defendants argue:

> Rule 56(c) provides for the granting of summary judgment if "pleadings, *depositions, answers to interrogatories*, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Defendants' Memorandum, at 8* (emphasis supplied). It is clear that discovery is critical prior to any resolution of the *Motion for Summary Judgment* filed in this case.

12.  This is discussed in greater detail in the motion and memorandum. However, there are clearly some issues that can *only* be elucidated by discovery. One example would be the extent to which Roger Jordan and Byron Berry "investigated" the case--this cannot be known without asking them, and they cannot be asked outside a deposition. Another example would be the practices and policies of the Office of the District Attorney. Clearly the main source of this information is D.A. Harry Connick, and yet his deposition has not yet been completed.

13.  Neither is it Plaintiff's fault that these depositions have yet to be taken. In light of the impending discovery cut-offs, counsel wrote to Mr. Wessel on December 21, 2001, proposing the deposition of Roger Jordan for January 10, 2001, with alternative dates listed for January 8 or 9.[9] Receiving no response from Mr. Wessel for ten days, counsel then contacted him again. Mr. Wessel stated that the days proposed would not suit the defendants.

14.  Therefore, counsel wrote to Mr. Wessel on January 10, 2001. It was agreed that the

---

[9]  See *Exhibit A* (Affidavit of Stacy Morris).

critical deposition of Roger Jordan should be set on January 17, 2001,[10] one of the dates suggested by Mr. Wessel, with the other prosecutor defendants shortly thereafter.

15. Mr. Wessel again stated that this was not convenient, replying that Mr. Jordan could not be deposed until January 24, 2001.[11] The Defendants were (unbeknownst to undersigned counsel) planning to file a *Motion to Dismiss* on January 16, 2001, and this would mean that Jordan's deposition would be set one day after the deadline for responding.

16. In the meantime, Mr. Wessel stated that he would get back with dates satisfactory for the depositions of Mr. Connick and Mr. Berry, since he stated that the initial dates were not satisfactory. Despite follow-up requests, acceptable dates for these depositions were provided for the first time on Friday, January 26, 2001.[12]

17. In this context, the balance of equities suggest that it would be fair to allow Plaintiff limited additional time in which to file his reply.

**IV.    SINCE THE DOCUMENTS THAT ARE ATTACHED TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS ARE ALMOST EXCLUSIVELY DOCUMENTS THAT HAVE BEEN IN THE POSSESSION OF THE DEFENDANTS FOR AS LONG, OR LONGER, THAN THE PLAINTIFF, THE DEFENDANTS ARE NOT PREJUDICED BY THIS BELATED FILING**

18. There are varied and extremely important responses that must be made to the Defendants' motion to dismiss. Many of these involve contentions that are in direct conflict with the Defendants' affidavits, and the other affidavits attached to their motion.

19. However, for the most part, the documents involved in this dispute are not new to

---

[10] See *Exhibit B* (Letter of Clive Stafford Smith to William Wessel, Jan. 10, 2001).

[11] See *Exhibit C* (Letter of William Wessel to Clive Stafford Smith, Jan. 11, 2001).

[12] The depositions have now been set for February 6 & 7, 2001.

6

Defendants. For example, various contentions made by the Defendants are belied by the very police reports that the Defendants suppressed at the time of trial. Likewise, the transcripts of the *Motion for a New Trial* in the *Cousin* case were created with Defendant Jordan and Defendant Berry in the courtroom, and were provided to them as part of the appellate record.

20. Other published opinions reflecting the habitual suppression of favorable evidence in the Office of the District Attorney, for example, all involve cases that arose out of that office, and with which that office is far more familiar than is Plaintiff.

21. Therefore, there is no prejudice to the Defendants in allowing the filing of these materials. On the other hand, as Plaintiff has stated in his motion, it is Plaintiff's request that additional time be allowed prior to the disposition of this motion so that the issues may be illuminated in discovery.

## CONCLUSION

Wherefore, Plaintiff respectfully moves that this court grant permission for the defendant to file the issue of summary judgment and the Defendants' motion to dismiss either be denied, or be withheld until such time as there has been adequate factual development.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorneys for the Plaintiff

### Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 29th day of January, 2001.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                                    )
                        Plaintiff,                 )
                                                   )
v.                                                 )    Civil No. 00-0069
                                                   )    Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and                     )    CIVIL RIGHTS under 42 U.S.C.
  PATRICK JOHNSON, NOPD Officers,                  )    §§ 1983, 1985, 1986 & 1988
  along with BYRON BERRY, also                     )
ROGER JORDAN & GREG KENNEDY,                       )
individually and in their                          )
capacities as senior Assistant                     )
District Attorneys,                                )
HARRY CONNICK, individually and                    )
in his capacity as District                        )
Attorney for Orleans Parish,                       )
RICHARD PENNINGTON, in his                         )
capacity as Superintendent, New                    )
Orleans Police Department, the                     )
CITY OF NEW ORLEANS, & JOHN DOE,                   )
an unknown Officer of the New                      )
Orleans Police Department,                         )    *JURY TRIAL*
                                                   )
                        Defendants.                )
_____)

# ORDER

On *Plaintiff's Motion For Permission to File Belated Response to The "Motion to Dismiss or Alternatively For Summary Judgment Filed by Defendants Connick, Kennedy, Berry And Jordan"*, being duly apprised of the premises, it is hereby ORDERED that the motion be GRANTED, and that the motion be ordered filed.

Done this 30 day of JANUARY , 2001.

_____
Sarah Vance
JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                                    )
                                                   )
                        Plaintiff,                 )
                                                   )
v.                                                 )      Civil No. 00-0069
                                                   )      Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and                     )      CIVIL RIGHTS under 42 U.S.C.
  PATRICK JOHNSON, NOPD Officers,                  )      §§ 1983, 1985, 1986 & 1988
  along with BYRON BERRY, also                     )
  ROGER JORDAN & GREG KENNEDY,                     )
  individually and in their                        )
  capacities as senior Assistant                   )
  District Attorneys,                              )
  HARRY CONNICK, individually and                  )
  in his capacity as District                      )
  Attorney for Orleans Parish,                     )
  RICHARD PENNINGTON, in his                        )
  capacity as Superintendent, New                  )
  Orleans Police Department, the                   )
  CITY OF NEW ORLEANS, & JOHN DOE,                 )
  an unknown Officer of the New                    )
  Orleans Police Department,                       )      *JURY TRIAL*
                                                   )
                        Defendants.                )
_____           )

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

        COMES NOW, STACY LYNN MORRIS, who declares under oath as follows:

1.      Affiant declares that she is an Attorney who is assisting in various aspects of this case.

2.      Among the various duties Affiant has on the case was to contact Attorney William F.

        Wessel, attorney for the defendants District Attorney Connick and Assistant District

        Attorneys Jordan and Berry, in an effort to schedule them (and particularly Roger Jordan)

        for his deposition.


EXHIBIT
A

3.  On December 21, 2000, Affiant sent a letter to Attorney William F. Wessel, via facsimile, requesting that he confirm January 10, 2001 as the date for this, or advise whether January 8 or 9 would be more convenient. **(Exhibit A- Copy of the Faxed Letter and Transmittal Sheet)**

4.  Affiant did not hear back from Attorney Wessel. Thus, on January 2, at 11:45 a.m., Affiant contacted Attorney Wessel via telephone, to ensure that this date would be suitable.

5.  At this point, Attorney Wessel stated that none of the other dates would be convenience, and that January 17, 2001 was available and the entire week of January 22, 2001.

6.  Consequently, Roger Jordan's deposition was set for on January 17th , 2001 at 1:00 p.m.

7.  However, Attorney Wessel subsequently stated that this would not be convenient, and that the deposition would have to be reset from January 17, 2001 to January 26, 2001.

8.  On January 26, 2001, the day of Roger Jordan's scheduled deposition, Affiant received notice from Attorney Wessel that Roger Jordan would not be available for the deposition, hence the deposition was canceled.

9.  At Attorney Wessel's request, it has now had to been rescheduled, yet again, for February 7, at 1:00 p.m.

I swear that the foregoing is true and accurate under the penalty of perjury this 29th day of January, 2001.

STACY LYNN MORRIS

# LAW OFFICES
636 Baronne Street, New Orleans, LA 70113
(504) 558-9867  Fax: (504) 558-0378

Via Fax:  565-7691

December 21ˢᵗ, 2000

George Wallace
Deputy City Attorney
1300 Perdido Street, Room 5E03
New Orleans, La. 70112

*Re: Shareef Cousin v. Anthony Small et al.*
*U.S.D.C. No. 00-0069 "R-2"*

Dear Mr. Wallace:

Please disregard the faxed letter of December 18, 2000 as it relates to the client named therein, Roger Jordan.

Clive Stafford Smith would like to take the deposition of <u>your client Anthony Small</u> on January 05, 2001 at 1:00 p.m. in our office, located at 636 Baronne Street, in the above referenced matter.

Please advise as to whether or not there are any conflicts with the above requested deposition date and/or time. If a problem does exist, please contact Stacy L. Morris for an alternative date and/or time.

If you could confirm the above date and time, I would greatly appreciate it.

With best wishes for a Happy Holiday Season,

Yours sincerely,

Stacy L. Morris

c: William F Wessel, Attorney for Roger Jordan

TRANSMISSION VERIFICATION REPORT

TIME : 12/21/2000 12:06

| | |
|---|---|
| DATE,TIME | 12/21 12:05 |
| FAX NO./NAME | 5657691 |
| DURATION | 00:00:43 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# LAW OFFICES
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867 Fax: (504) 558-0378

**By Fax: 568-1208 (2 pages)**

10th January, 2001

William F. Wessel, Esq.
127 Camp Street
New Orleans, La. 70130-2507

*Re: Shareef Cousin v. Anthony Small*
*USDC Case No. 00-00069*

Dear Mr. Wessel:

I had called you today, but learned you were in depositions. I thought I should follow up with a fax, in case you cannot call me back this evening. (I will be at 558-0440)

Before issuing notices, as a courtesy I wanted to check with you on your availability for the following times for depositions in Mr. Cousin's case. I believe they are satisfactory for you, since my office has previously checked, although you may not be interested in the Small, Deal, Johnson and Pennington depositions.

Wednesday 1/17/01    1pm    Roger Jordan at 636 Baronne Street, New Orleans, La. 70113.

Monday 1/22/01    1 pm    Anthony Small at 636 Baronne Street, New Orleans, La. 70113.

Tuesday 1/23/01    1pm    Byron Berry at 636 Baronne Street, New Orleans, La. 70113.

Thursday 1/25    1pm    Harry Connick at 636 Baronne Street, New Orleans. La. 70113.

Friday 1/26    1pm    Dwight Deal at 636 Baronne Street, New Orleans, La. 70113.

2pm    Patrick Johnson

3pm    Richard Pennington

1



Please let me know as soon as possible whether your witnesses will appear without compulsory process. I hope you do not mind holding them at my office. It is for the convenience of those using the videotape machinery.

I know you want to take depositions on the week of the 22nd also. I am currently available in the mornings of each day, with the exception of Wednesday when I must appear in a capital case in Tangipahoa.

All the best.

Yours sincerely,

Clive A. Stafford Smith

cc.    Kern Reese

2

# WESSEL & ASSOCIATES
### LAW CORPORATION
127 CAMP STREET
NEW ORLEANS, LOUISIANA 70130-2507
TELEPHONE: (504) 568-1112
FAX: (504) 568-1208

WILLIAM F. WESSEL                                                                          OF COUNSEL:
VICTORIA LENNOX BARTELS

January 11, 2001

Via Fax (504) 553-0378
Clive Stafford Smith, Esq
6316 Baronne Street
New Orleans, LA 70113

  Re: **Shareef Cousin v. Anthony Small, et al**
    **USDC Case No.: 00-00069**

Dear Mr. Smith

  This is to advise you that Roger Jordan will be available on January 24, 25 and 26, 2001 for the taking of his deposition.

  This is also to advise you that I want to attend the depositions of Small, Deal, Johnson and Pennington. I am going out of town today and I will not be back in the office until Monday. I will call you Monday to discuss available dates for these depositions as well as for the depositions of Connick and Berry.

        Sincerely yours,

        *William Y. Wessel/eh*

        WILLIAM F. WESSEL

WFW/neh

cc: Kern Reese, Esq. (Via Fax Only (504) 943-2991)


EXHIBIT
C