FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 21 PM 3:19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SMALL, DWIGHT DEAL and PATRICK JOHNSON, NOPD Officers, along with BYRON BERRY, also ROGER JORDAN & GREG KENNEDY, individually and in their capacities as senior Assistant District Attorneys, HARRY CONNICK, individually and in his capacity as District Attorney for Orleans Parish, RICHARD PENNINGTON, in his capacity as Superintendent, New Orleans Police Department, the CITY OF NEW ORLEANS, & JOHN DOE, an unknown Officer of the New Orleans Police Department,<br><br>Defendants. | Civil No. 00-0069<br>Section R Mag. 2<br>CIVIL RIGHTS under 42 U.S.C.<br>§§ 1983, 1985, 1986 & 1988<br><br><br><br><br><br><br><br><br><br><br><br><br>*JURY TRIAL* |

**PLAINTIFF'S MOTION IN LIMINE
TO PREVENT COMMENTARY ON HIS ASSERTION
OF HIS RIGHT TO REMAIN SILENT**

COMES NOW, the Plaintiff, and moves *in limine* to prevent any commentary by the Defendants on his assertion of his Fifth Amendment rights with respect to unrelated conduct. In support of his motion, Plaintiff states as follows:

1. Plaintiff's claims involve solely the question of how he was treated with respect to the

1

false charges of murder that were leveled against him. He does not (and currently cannot[1]) claim that he was the victim of malicious prosecution with respect to the armed robbery charges.

2. Based on the suppression of evidence favorable to him by the very people who are defendants in his case, as well as his own counsel's erroneous advice that he would serve very limited time in prison and avoid the fifty years promised by the trial judge, Plaintiff entered a plea to four counts of armed robbery on September 28, 1995.

3. Plaintiff tearfully expressed his unwillingness to plead to offenses that he denied committing, but did so because he was a minor at the time, and he was forcefully advised that it was in his best interests. His counsel had not investigated the three charges that were on the docket for that morning, and did not even know Plaintiff was charged with a fourth that was brought up that day. Had counsel investigated, and had the State provided the discovery to which he was constitutionally entitled, he could have proven that he was not involved in two of the offenses, and that the other two amounted to something far less significant than armed robbery.

4. Plaintiff sought to withdraw his plea prior to sentencing, but was not permitted to do so. He was sentenced to 20 years, and will have to serve 10 years (another four remaining) before his release. He has consistently challenged it ever since.

5. Plaintiff has a petition for a writ of habeas corpus pending before the United States District Court for the Eastern District of Louisiana on these issues. See *Exhibit A* (Petition for Writ of Habeas Corpus). The Office of the District Attorney (and here, Defendant) Harry Connick has

---

[1] Plaintiff currently stands convicted of four counts of armed robbery. Although there was a serious *Brady* violation with respect to those charges also, and although there are other strong reasons why the convictions are invalid (presented in a pending petition for a writ of habeas corpus), these issues are not ripe for civil litigation, and have not been made a part of the case.

been ordered to respond by February 10, 2001, although no responsive pleading has yet been received.

6. In the meantime, on advice of counsel, in his deposition Plaintiff stipulated to the fact that, on September 28, 1995, he pled guilty to four counts of armed robbery, and that on February 2, 1996, he was sentenced to 20 years in prison on those counts. Plaintiff is willing to enter the same stipulation at trial, subject to issues of admissibility (as discussed, for example, in his *Motion for a Bifurcated Trial*).

7. Plaintiff was willing to discuss–and did discuss–the facts relevant to this case, such as where and how he has been held in prison on the armed robbery charges. However, on advice of counsel, and because he has pending litigation that he anticipates will result in a new trial on those matters, Plaintiff has refused to respond to questions concerning the substance of the charges against him. Plaintiff also asserted his right to remain silent when asked questions in deposition that apparently arose from the Prosecutor Defendants' desire to charge him with other offenses.

8. The assertion of his right to remain silent is not admissible at trial for any purpose. The stipulation that he is willing to enter provides the Defendants (and the jury) with all the evidence that can be admissible.

## CONCLUSION

Wherefore, Plaintiff respectfully moves that the defendants be barred from making any comment on his right to remain silent.

Respectfully Submitted,

_____
CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 21st day of February, 2001.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN,<br>           Plaintiff,<br><br>v.<br><br>ANTHONY SMALL, *et al.*<br>           Defendants. | )<br>)<br>)<br>)   Civil No. 00-0069<br>)   Section R Mag. 2<br>)   CIVIL RIGHTS under 42 U.S.C.<br>)   §§ 1983, 1985, 1986 & 1988<br>)<br>) |

### ORDER

On *Plaintiff's Motion in Limine to Prevent Commentary on His Assertion of His Right to Remain Silent,* being duly apprised of the premises, it is hereby ORDERED that the motion be GRANTED.

Done this ___ day of _____, 2001.

_____
JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-0069 |
| ) | Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and ) | CIVIL RIGHTS under 42 U.S.C. |
| PATRICK JOHNSON, NOPD Officers, ) | §§ 1983, 1985, 1986 & 1988 |
| along with BYRON BERRY, also ) | |
| ROGER JORDAN & GREG KENNEDY, ) | |
| individually and in their ) | |
| capacities as senior Assistant ) | |
| District Attorneys, ) | |
| HARRY CONNICK, individually and ) | |
| in his capacity as District ) | |
| Attorney for Orleans Parish, ) | |
| RICHARD PENNINGTON, in his ) | |
| capacity as Superintendent, New ) | |
| Orleans Police Department, the ) | |
| CITY OF NEW ORLEANS, & JOHN DOE, ) | |
| an unknown Officer of the New ) | |
| Orleans Police Department, ) | *JURY TRIAL* |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PREVENT COMMENTARY ON HIS ASSERTION OF HIS RIGHT TO REMAIN SILENT

Plaintiff has moved *in limine* to prevent any commentary by the Defendants on his assertion of his Fifth Amendment rights with respect to unrelated conduct. This motion should be granted for the following reasons:

1

A. **PLAINTIFF HAD A VALID FIFTH AMENDMENT RIGHT TO REMAIN SILENT GIVE THE STATE OF HIS CASE**

On advice of counsel, and because he has pending litigation that he anticipates will result in a new trial on those matters, Plaintiff has refused to respond to questions concerning the substance of the armed robbery charges against him. Plaintiff also asserted his right to remain silent when asked questions in deposition that apparently arose from the Prosecutor Defendants' desire to charge him with other offenses.

The Defendants in this case are those who are prosecuting him in the other case, and they have an obvious motive and intent to use these proceedings to gain an advantage in the other. On the other hand, Plaintiff has made no effort to use the fact that the Defendants cheated in his other case (again, suppressing favorable evidence) as the basis for his claims in this case. To be sure, it would be unfair for the Defendants to gain advantage through their own wrongdoing. If they really want to present evidence concerning the pendency of the other proceedings, then this will open the door to *all* the evidence, and Plaintiff will be both permitted and obliged to present evidence concerning the manner in which the Defendants failed to follow constitutional requirements in that case as well. Indeed, we will end up with a full scale habeas corpus hearing in this case.

Even with the convictions, with on-going proceedings in his case, Plaintiff has the right to remain silent. See, e.g., People v. Villa, 671 P.2d 971, 973 (Colo. App. 1983) ("when a defendant is appealing his conviction . . . the privilege continues in order to protect him from the subsequent use of self-incriminating statements in the event that relief is granted"); see also Taylor v. Best, 746 F.2d 220, 222 (4th Cir. 1984) ("Taylor, however, had appealed his conviction at the time he was required to answer questions, a fact the state brushes aside too lightly. Whether or not Taylor's appeal is "dead in the water" as the state asserts is a matter for the state appellate court to determine.

2

We will not undercut Taylor's right to appeal under state law by prematurely assessing the merits of his appeal in a collateral proceeding. If Taylor's conviction were overturned on appeal, post-conviction evidence, if probative and otherwise admissible, might be used against him.");

Clearly, the privilege may be claimed during a civil proceeding. "This privilege of the witness does not depend on the nature of the proceeding in which the testimony is sought or is to be used, but rather on the purportedly *incriminatory nature of the interrogation.*" In re Kave, 760 F.2d 343, 354 (1st Cir. 1985) (emphasis in original);[1] Lefkowitz v. Turley, 414 U.S. 70, 77 (1973) (the Fifth Amendment"not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."). Moreover, the protected information "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution. . . ." Maness v. Meyers, 419 U.S. 449, 461 (1975), citing Hoffman v. United States, 341 U.S. at 486; Blau v. United States, 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 170 (1950) (privilege applies to questions that "would have furnished a link in the chain of evidence needed in a prosecution of petitioner for violation of (or conspiracy to violate) the [law].").

"The privilege against self-incrimination is as broad as necessary to guard against the mischief from which protection is sought. It is, therefore, not to be interpreted in a hostile or niggardly fashion but rather in a liberal spirit." In re Kave, 760 F.2d 343, 354 (1st Cir. 1985) (citing

---

[1] There is also the issue of dual sovereignties, since the privilege cannot be eviscerated by immunity (or a conviction) in one jurisdiction that does not carry over to another. Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408 (1944).

cases); In re Brogna, 589 F.2d 24, 27 (1st Cir. 1978) ("The privilege against self-incrimination must ... 'be accorded liberal construction in favor of the right it was intended to secure.'"), quoting Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed.2d 653 (1964). .

It applies in all circumstances where the prospective witness can identify "some reasonable possibility that, by testifying, he may open himself up to prosecution." United States v. Castro, 129 F.3d 226, 229 (1st Cir. 1197) (citation omitted); Arndstein v. McCarthy, 254 U.S. 71, 72, 41 S.Ct. 26, 65 L.Ed. 138 (1920) (court must ask whether questions "could have been answered with entire impunity."). The privilege exists after conviction so long as there is some possibility that the conviction will be reversed. See, e.g., Ottomano v. United States, 468 F.2d 269, 273-74 (1st Cir. 1972), cert. denied, 393 U.S. 1029 (1969) ("At the time Ottomano was called to testify at Russell's trial, he had a motion to vacate sentence pending before the district court. Had this motion been granted, Ottomano could conceivably have been retried for the sale of cocaine. In the event of such a retrial, any testimony given by the appellant at Russell's trial would have been admissible against him. Under these circumstances, we cannot say that the possibility of further incrimination was so remote as to deprive appellant of his fifth amendment rights."); Holsen v. United States, 392 F.2d 292, 293 (5th Cir. 1968), cert. denied, 393 U.S. 1029 (1969) ("McConnell was a codefendant who was then in the process of appealing his conviction. He did not waive his fifth amendment privilege and could not therefore be made to testify.");

In Plaintiff's case, his petition for a writ of habeas corpus is pending, and there is every chance that the petition will be granted.[2] Thus, the case is hard to distinguish from Commonwealth v. Rodgers, 472 Pa. 435, 372 A.2d 771 (1977), where the court held:

---

[2] Indeed, the State is in default in failing to respond under the deadline set by the court.

4

> We cannot say that the possibility that an individual whose conviction is final will obtain collateral relief is so remote as to warrant a per se rule that the privilege cannot be invoked under any circumstance. We therefore reject the suggestion that a witness who is preparing a collateral attach on his conviction has no basis, as a matter of law, to apprehend the danger of future prosecution arising from the matters about which he is called to testify.

Id., 372 A.2d at 457.

Thus, there can be no doubt that Plaintiff has a valid Fifth Amendment privilege for the four armed robbery cases that resulted in a conviction, let alone the questions posed by counsel for the defendant-prosecutors concerning other suspicions that the Office of the District Attorney may harbor.

### B. ANY "RELEVANCE" OF A COMMENT ON HIS RIGHT TO REMAIN SILENT IS MORE THAN COUNTERBALANCED BY THE DANGER OF UNFAIR PREJUDICE

By and large, the assertion of a Fifth Amendment privilege is not relevant to any fact. It is simply the assertion of a constitutional right. This is particularly true where, as here, one motivating factor behind Plaintiff's assertion of the right is the ill-disguised passion with which the Defendants in this case (the Office of the District Attorney) have pressed the envelope in prosecuting him. The police defendants, meanwhile, tried to pin other unsolved homicides on Plaintiff, where there is absolutely *zero* evidence against him, because he is patently not guilty of them. Indeed, there is a rather obvious conflict of interest in the posture in which the defendants have placed themselves.

In any event, any issue of relevance is more than covered by Plaintiff's offer of a stipulation. On advice of counsel, in his deposition Plaintiff stipulated to the fact that, on September 28, 1995, he pled guilty to four counts of armed robbery, and that on February 2, 1996, he was sentenced to 20 years in prison on those counts. Plaintiff is willing to enter the same stipulation at trial, subject to issues of admissibility (as discussed, for example, in his *Motion for a Bifurcated Trial*).

5

Additionally, Plaintiff was willing to discuss–and did discuss–the facts relevant to this case, such as where and how he has been held in prison on the armed robbery charges. The only matters he did not discuss were the facts of the armed robberies charged against him, and facts relating to other charges that apparently[3]

In a criminal case, it is improper for the prosecution to use the exercise of that right against the accused in any manner at all. Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965). This is because the assertion of privilege is opaque--it does not mean that there is something to hide, but merely a recognition of the famous *Miranda* warning that *anything* said may be used against you. This is because "it is fundamentally unfair to promise an arrested person that his silence will not be used against him," Wainwright v. Greenfield, 474 U.S. 284, 292, 106 S. Ct. 634, 639, 88 L. Ed. 2d 623 (1986), and then to breach that promise by using the "'insolubly ambiguous' character of the post-*Miranda* warnings silence. . . ." Id. at 293, 106 S.Ct. at 640.

Here, the first issue is not really whether Plaintiff's silence should be used against him. Rather, the question is whether, had he not asserted his right, the resulting evidence would have been admissible anyway. It would not. While the fact that has been stipulated to--his convictions--is admissible, *F.R.Ev. § 609(a)*, the facts underlying the convictions is not. The question of *how* he allegedly committed the crimes of armed robbery is simply inadmissible–it cannot be metamorphosed into admissibility by adding yet another element of inadmissibility, the insolubly

---

[3] Plaintiff must confess to having no knowledge of what charges the Office of the District Attorney would apparently levy against him. This is the very reason why the burden is *not* on the witness to prove how he would be incriminated. "[I]f the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee." In re Brogna, 589 F.2d at 28, quoting Hoffman, 341 U.S. at 486-87, 71 S.Ct. at 818.

6

ambiguous assertion of a constitutional right.

However, even if the underlying facts concerning the other crimes charged against Plaintiff were somehow relevant and admissible against him, his assertion of Fifth Amendment rights would patently not be admissible under *F.R.Ev. § 403*, given that any putative probative value--itself diluted by the insoluble ambiguity of his assertion of rights--would clearly be outweighed by the prejudicial impact.

This is all the more true under the unique circumstances of this case. Here, one reason that there is on-going litigation in the armed robbery cases is that the Defendants, who here try to use the convictions against Plaintiff, cheated to get them. Substantial favorable evidence was suppressed by the prosecutor defendants with respect to these convictions, as well as the homicide that is the subject of this litigation. See *Exhibit A* (copy of *Petition for Writ of Habeas Corpus*, filed January 19, 1999). It would be wholly inequitable for the defendants to profit from their

## CONCLUSION

Wherefore, Plaintiff respectfully moves that the defendants be barred from making any comment on his right to remain silent.

Respectfully Submitted,

_____
CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

7

## Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 21st day of February, 2001.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY SMALL, DWIGHT DEAL and )<br>PATRICK JOHNSON, NOPD Officers, )<br>along with BYRON BERRY, also )<br>ROGER JORDAN & GREG KENNEDY, )<br>individually and in their )<br>capacities as senior Assistant )<br>District Attorneys, )<br>HARRY CONNICK, individually and )<br>in his capacity as District )<br>Attorney for Orleans Parish, )<br>RICHARD PENNINGTON, in his )<br>capacity as Superintendent, New )<br>Orleans Police Department, the )<br>CITY OF NEW ORLEANS, & JOHN DOE, )<br>an unknown Officer of the New )<br>Orleans Police Department, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 00-0069<br>Section R Mag. 2<br>CIVIL RIGHTS under 42 U.S.C.<br>§§ 1983, 1985, 1986 & 1988<br><br><br><br><br><br><br><br><br>JURY TRIAL |

To: William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

George Wallace
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

### NOTICE OF HEARING

Please take note that the *Plaintiff's Motion for a Bifurcated Trial* and *Plaintiff's Motion in Limine to Prevent Commentary on His Assertion of His Right to Remain Silent* are hereby set for a

1

hearing on the **14th** day of **March**, 2001, at **10:00** o'clock.

Respectfully Submitted,

_____

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

### Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 21st day of February, 2001.

_____

2

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**