FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 21  PM 3: 14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 00-0069<br>) Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and PATRICK JOHNSON, NOPD Officers, along with BYRON BERRY, also ROGER JORDAN & GREG KENNEDY, individually and in their capacities as senior Assistant District Attorneys, HARRY CONNICK, individually and in his capacity as District Attorney for Orleans Parish, RICHARD PENNINGTON, in his capacity as Superintendent, New Orleans Police Department, the CITY OF NEW ORLEANS, & JOHN DOE, an unknown Officer of the New Orleans Police Department, | ) CIVIL RIGHTS under 42 U.S.C.<br>) §§ 1983, 1985, 1986 & 1988<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL |
| Defendants. | )<br>) |

### PLAINTIFF'S MOTION FOR A BIFURCATED TRIAL

COMES NOW, the Plaintiff, and moves that this Court allow a bifurcated trial in this matter as regards liability and damages. In support of his motion, Plaintiff states as follows:

1. Plaintiff's claims involve solely the question of how he was treated with respect to the false charges of murder that were leveled against him. He does not (and currently cannot[1]) claim that

---

[1] Plaintiff currently stands convicted of four counts of armed robbery. Although there was a serious *Brady* violation with respect to those charges also, and although there are other

1

he was the victim of malicious prosecution with respect to the armed robbery charges.

2. Under normal circumstances, the fact of his convictions would not be admissible against him, unless he testified and they became admissible in impeachment. Neither could the facts of the prior convictions be admitted for any purpose.

3. On the other hand, to the extent that for some of the time he was held in jail on these charges concurrently with the homicide charges, they would be relevant to the issue of damages, both as to the false imprisonment that he may have suffered[2] and, assuming he pursues this at trial, the damage to his reputation.

4. It is simply not possible to guard against the inevitable prejudice that Plaintiff will suffer by anything but a bifurcated trial.

5. Bifurcating the trial will not materially complicate the trial. None of the issues of damages need to be presented at the liability phase, and *vice-versa*.

---

strong reasons why the convictions are invalid (presented in a pending petition for a writ of habeas corpus), these issues are not ripe for civil litigation, and have not been made a part of the case.

[2] Naturally, a juvenile serving 20 years for armed robbery would not expect to be held on Death Row, and would normally not be expected to spend time at the Louisiana State Penitentiary. However, the differential in treatment would go towards damages.

2

## **CONCLUSION**

Wherefore, Plaintiff respectfully moves that a bifurcated trial be held on the issues of liability and damages.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 21st day of February, 2001.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-0069 |
| | ) | Section R Mag. 2 |
| ANTHONY SMALL, *et al.* | ) | CIVIL RIGHTS under 42 U.S.C. |
| | ) | §§ 1983, 1985, 1986 & 1988 |
|     Defendants. | ) | |

## ORDER

On, *Plaintiff's Motion for a Bifurcated Trial,* being duly apprised of the premises, it is hereby ORDERED that the motion be GRANTED.

Done this ___ day of _____, 2001.

_____
JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-0069 |
| ) | Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and ) | CIVIL RIGHTS under 42 U.S.C. |
| PATRICK JOHNSON, NOPD Officers, ) | §§ 1983, 1985, 1986 & 1988 |
| along with BYRON BERRY, also ) | |
| ROGER JORDAN & GREG KENNEDY, ) | |
| individually and in their ) | |
| capacities as senior Assistant ) | |
| District Attorneys, ) | |
| HARRY CONNICK, individually and ) | |
| in his capacity as District ) | |
| Attorney for Orleans Parish, ) | |
| RICHARD PENNINGTON, in his ) | |
| capacity as Superintendent, New ) | |
| Orleans Police Department, the ) | |
| CITY OF NEW ORLEANS, & JOHN DOE, ) | |
| an unknown Officer of the New ) | |
| Orleans Police Department, ) | *JURY TRIAL* |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR A BIFURCATED TRIAL

COMES NOW, the Plaintiff, and moves that this Court allow a bifurcated trial in this matter as regards liability and damages. In support of his motion, Plaintiff states as follows:

The rules permit separate trials on liability and damages where it will avoid prejudice. *F.R.C.P. § 42(b).* Here, there would be patent prejudice to Plaintiff were the trials to be held jointly, given that it would involve a plethora of evidence of other crimes alleged against him, none of which

1

are pertinent to liability. It goes without saying that the rule against injecting extraneous crimes into the trial has a profound role in American jurisprudence:

> The rule is designed to avoid "a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment."

United States v. Brown, 880 F.2d 1012, 1014 (9th Cir. 1989) (quoting 2 Weinstein & Berger, *Weinstein's Evidence*, ¶ 404, at 404-29 (1988)).

There is no doubt that this Court has the authority to order a bifurcated, In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982), or even trifurcated trial. In re Benedictin Litigatoin, 857 F.2d 290 (6th Cir. 1988). One issue involves saving time. If there is no liability, then there is no damages phase, and that time is not wasted. "Separation of the issues of liability and damages is an obvious use for Rule 42, since logically liability must be established before the amount of damages can be determined." Kisteneff v. Tiernan, 514 F.2d 896, 897 (1st Cir. 1975). Indeed, because there would be no time wasted, various cases recognize the benefits of bifurcated trials under particular circumstances where "the issues are substantially separate and distinct." See In re Air Crash Disaster, 720 F.Supp. 1455, 1459 (D. Colo. 1988) (citing cases). Here, there is little or no evidence that would go to damages that would be relevant to liability. The issues on liability relate solely to the manner in which Plaintiff was arrested and charged, and the only reference to Plaintiff committing an armed robbery in the homicide police report is the entirely *false* statement that he was arrested on March 2, 1995, after the murder, in the French Quarter.

A bifurcated procedure is also relevant where the "evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages. . . ." Mattison v. Dallas Carrier Corp., 947 F.2d 95, 110 (4th Cir. 1991). In

2

all fairness, here bifurcation would benefit the defendants. The evidence will be highly prejudicial to the defendants. For example, it will include evidence of Det. Anthony Small fixing other cases for money, threatening Regina Small to prevent her from testifying, and so on. With the prosecutor defendants, it will include the pattern of misconduct in D.A. Connick's office going back over many years. Cf. Dawson v. Prince George's County, 896 F.Supp. 537 (D. Md. 1995) (noting the prejudicial nature of evidence of prior acts of brutality in a §1983 case, and bifurcating the trial). Indeed, it is this because of kind of evidence, and the emotional evidence relevant to damages, that generally the Plaintiff wants to have a joint trial. A study shows that defendants win in only 42% of cases tried routinely, but in 79% of cases n which the liability issue is submitted separately.[1]

## CONCLUSION

Wherefore, Plaintiff respectfully moves that a bifurcated trial be held on the issues of liability and damages.

Respectfully Submitted,

_____
CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

---

[1] See Rosenberg, *Court Congestion: Status, Causes, and Proposed Remedies,* in Jones, ed., *The Courts, The Public and the Law Explosion,* at 29, 49 (1965).

3

## Certificate of Service

      I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

      Done this 21st day of February, 2001.

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-0069 |
| ) | Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and ) | CIVIL RIGHTS under 42 U.S.C. |
| PATRICK JOHNSON, NOPD Officers, ) | §§ 1983, 1985, 1986 & 1988 |
| along with BYRON BERRY, also ) | |
| ROGER JORDAN & GREG KENNEDY, ) | |
| individually and in their ) | |
| capacities as senior Assistant ) | |
| District Attorneys, ) | |
| HARRY CONNICK, individually and ) | |
| in his capacity as District ) | |
| Attorney for Orleans Parish, ) | |
| RICHARD PENNINGTON, in his ) | |
| capacity as Superintendent, New ) | |
| Orleans Police Department, the ) | |
| CITY OF NEW ORLEANS, & JOHN DOE, ) | |
| an unknown Officer of the New ) | |
| Orleans Police Department, ) | *JURY TRIAL* |
| ) | |
| Defendants. ) | |
| ) | |

To: William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

George Wallace
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

### NOTICE OF HEARING

Please take note that the *Plaintiff's Motion for a Bifurcated Trial* and *Plaintiff's Motion in Limine to Prevent Commentary on His Assertion of His Right to Remain Silent* are hereby set for a

1

hearing on the 14th day of March, 2001, at 10:00 o'clock.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 21st day of February, 2001.

2