FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -6 PM 4:44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
|     Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
|     Defendants | * | |

*********************************************

**MEMORANDUM OF DEFENDANTS CONNICK, JORDAN and BERRY
IN OPPOSITION TO PLAINTIFF'S "MOTION TO PREVENT COMMENTARY
ON HIS ASSERTION OF HIS RIGHT TO REMAIN SILENT"**

MAY IT PLEASE THE COURT:

Plaintiff's "Motion to Prevent Commentary on his Assertion of His Right to Remain Silent" is inappropriate to this civil proceedings. Plaintiff has no "right to remain silent" and "bar commentary" by the defense as he would be entitled to do in defense of a criminal prosecution. Plaintiff has cited no authority for this position. In fact, if Plaintiff Cousin fails to take the stand in connection with his case-in-chief, Defendants have herein a right to call him, under cross-examination. In fact, if Plaintiff fails to testify, defendants may not only comment upon his failure, but are entitled to an instruction from the court under the "uncalled witness rule"

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc.No.___

regarding the negative inference which may be drawn from said failure, namely that his testimony on any issue peculiarly within his personal knowledge would have been adverse to his own position. Graves v. U.S., 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893).

The protection afforded to witnesses in civil proceedings is rather the right to assert a Fifth Amendment privilege against compulsory self-incrimination, but in this instance Plaintiff has waived the privilege. Plaintiff confessed to the armed robberies. Plaintiff subsequently pled guilty to these charges. A plea of guilty constitutes a waiver of a criminal defendant's right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is well-settled that because a plea of guilty acts as a waiver of the privilege against self-incrimination, evidence of the plea is admissible in subsequent collateral criminal trials. U.S. v. Maestas, 941 F.2d 273 (5th Cir. 1991). Plaintiff cites no reason why the same rule would not be observed in connection with subsequent civil proceedings.

Respectfully submitted,

WESSEL & ASSOCIATES
A LAW CORPORATION

_____
WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, LA 70130
Telephone: (504) 568-1112
Attorney for Defendants Berry, Connick and Jordan

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by mailing same to each by U.S. Mail, properly addressed and postage pre-paid and also by facsimile this 6th day of March, 2001.

_____
Victoria L. Bartels

3