FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -6 PM 4:45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |

*******************************************

## MEMORANDUM OF DEFENDANTS CONNICK, JORDAN, and BERRY IN OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE TRIAL

MAY IT PLEASE THE COURT:

Plaintiff's Motion to Bifurcate this trial is based upon a false premise, namely that the fact of Plaintiff's conviction on four charges of armed robbery and of his current imprisonment in a Louisiana correctional facility in connection with said conviction is inadmissible in connection with the trial of liability in this matter, if liability and damages are tried separately. Plaintiff is incorrect.

Federal Rule of Evidence 609(a) provides that the fact of Plaintiff's conviction becomes

1

automatically admissible as a means of attacking his credibility as a witness in these proceedings. This is not a criminal prosecution, but rather a civil trial, and Plaintiff may be called under cross-examination by the defendants to this proceeding. Further, not only Plaintiff's conviction, but also his confession to the four armed robberies, as well as the similarities between the manner, time and place of the armed robberies and the murder of Michael Gerard are admissible in evidence to disprove liability under Federal Rule of Evidence 404(b). In this action, Plaintiff has accused the defendants of purposefully prosecuting him notwithstanding their alleged "knowledge" of his innocence of the crime charged. The facts of Plaintiff's confession to other crimes, which crimes bore a striking similarity to the crime charged in terms of time, place, plan, and method of execution, and his subsequent plea of guilty were all facts within the knowledge of the defendants at the time of the prosecution. These facts obviously bear on the state of mind of the defendants, a critical issue in these proceedings, and are therefore relevant and admissible with respect to the issue of liability.

Further, the evidence regarding damages in this proceeding is not expected to be voluminous or time consuming, particularly in relation to the amount of evidence expected to be adduced in connection with the issue of liability. Therefore, the Court could not expect to realize any diminution in time or expense by bifurcating this matter and trying the issues of liability and damages separately.

While Federal Rule of Civil Procedure 42(b) rests the decision to bifurcate within the sound discretion of the court, they are not the rule.

"...[C]ourts should not order separate trials 'unless such a disposition is clearly necessary.' *Wolens v. F.W. Woolworth Co.,* 209 U.S.P.Q. 569 (N.D.Ill.1980)."

<u>Laitram Corporation v. Hewlett-Packard Company</u>, 791 F. Supp. 113 (E.D.La.1992).

Respectfully submitted,

**WESSEL & ASSOCIATES
A LAW CORPORATION**

_____
WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, LA 70130
Telephone: (504) 568-1112
Attorney for Defendants Berry, Connick and Jordan

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by mailing same to each by U.S. Mail, properly addressed and postage pre-paid and also by facsimile this 6th day of March, 2001.

_____

3