UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -9  AM 10: 44

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SHAREEF COUSIN, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| ANTHONY SMALL, DWIGHT DEAL and | ) |
| PATRICK JOHNSON, NOPD Officers, | ) |
| along with BYRON BERRY, also | ) |
| ROGER JORDAN & GREG KENNEDY, | ) |
| individually and in their | ) |
| capacities as senior Assistant | ) |
| District Attorneys, | ) |
| HARRY CONNICK, individually and | ) |
| in his capacity as District | ) |
| Attorney for Orleans Parish, | ) |
| RICHARD PENNINGTON, in his | ) |
| capacity as Superintendent, New | ) |
| Orleans Police Department, the | ) |
| CITY OF NEW ORLEANS, & JOHN DOE, | ) |
| an unknown Officer of the New | ) |
| Orleans Police Department, | ) |
| | ) |
| Defendants | ) |

Civil No. 00-0069
Section R Mag. 2
CIVIL RIGHTS under 42 U.S.C.
§§ 1983, 1985, 1986 & 1988

*JURY TRIAL*

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, OR IN THE ALTERNATIVE TO ALLOW "LATE" DISCOVERY

COMES NOW, the Plaintiff, and moves that this Court order Defendants (in this instances, the Defendant Prosecutors) to respond to Plaintiff's Request for Production of documents in compliance with Federal Rules of Civil Procedure Rules 26 (5) (b) (1), 34 (a) & (b) and 37 (a) (1) (2) (B).

1.    Defendants have filed a blanket objection to Plaintiff's request for production of documents. See *Defendants', Jordan, Berry and Connick, Objections to Request for Production of*

*Documents.* See *Exhibit A.*

2. Defendants correctly state Plaintiff's pleading was filed on February 8, 2001 See *Exhibit B.* Without a word of argument, Defendants argue that "[f]or the above and foregoing reasons, the Request for Production of Documents should be disregarded." *Exhibit A, at 2.*

3. While Defendants do not say so, and wholly fail to file any kind of legal memorandum in support of the objections, we are left to divine that the Defendants are arguing that discovery was to be completed prior to February 13, 2001, which the Defendants interpret as meaning that all *responses* to discovery must be *due* before that time. .

4. Defendants are unjustified in resisting Plaintiff's Request for Pr*oduction of* Docum*ents,* given that Plaintiff made the request prior to the discovery deadline.

5. There is no clear notice in the local rules requiring that the discovery requests be made at least 30 days before the discovery deadline, and counsel for Plaintiff did not understand the rules to require such.

6. Plaintiff has been extremely thorough in providing several hundred pages of discoverable material to the Defendants in a timely fashion. See *Exhibit C.*

7. There is no prejudice to the Defendants in ordering this discovery since it would in no way delay matters. Indeed, it is the Plaintiff who is the only one arguably prejudiced by any late discovery of this material. Had Defendants merely complied with the requests the discovery would have been turned over on March 10, 2001, in plenty of time for use at trial.

8. The requests made by Plaintiff for documents are very reasonable, include only seven requests, and include such materials as:

> *Request #5:* The file of the Office of the District Attorney, which has been listed by Defendants as a trial exhibit, but has not yet been provided to the Plaintiff in discovery.

*Request #6:* Statements taken from any witnesses who may be called which would generally be included in the discovery required without a specific request.

9. On Tuesday, March 6, 20001, Plaintiff met with counsel for the Defendants, shown counsel this pleading that he intended to file, and been unable to resolve this issue. This motion is therefore compelled.[1]

## CONCLUSION

Wherefore, Plaintiff respectfully moves that this court order and compel Defendant Prosecutors to comply with Plaintiff's request for Production of Documents or, in the alternative, to order "late" discovery and, if such discovery is not forthcoming, to enforce sanctions against the Defendants for violations of the law.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

---

[1] Arguably, Defendants are in violation of *Local Rule 37.1 E & M,* as they did not attach the required certificate stating that they made a good faith attempt to resolve their objections to Plaintiff's Request for Production of Documents to amicably resolve the discovery deadline issue. Indeed, no such effort has been made to date.

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of ~~February~~ March, 2001.

_____

Clive A. Stafford Smith

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil No. 00-0069 |
| | ) | Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and | ) | CIVIL RIGHTS under 42 U.S.C. |
| PATRICK JOHNSON, NOPD Officers, | ) | §§ 1983, 1985, 1986 & 1988 |
| along with BYRON BERRY, also | ) | |
| ROGER JORDAN & GREG KENNEDY, | ) | |
| individually and in their | ) | |
| capacities as senior Assistant | ) | |
| District Attorneys, | ) | |
| HARRY CONNICK, individually and | ) | |
| in his capacity as District | ) | |
| Attorney for Orleans Parish, | ) | |
| RICHARD PENNINGTON, in his | ) | |
| capacity as Superintendent, New | ) | |
| Orleans Police Department, the | ) | |
| CITY OF NEW ORLEANS, & JOHN DOE, | ) | |
| an unknown Officer of the New | ) | |
| Orleans Police Department, | ) | *JURY TRIAL* |
| | ) | |
| Defendants | ) | |

---

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS, OR IN THE
ALTERNATIVE TO ALLOW "LATE" DISCOVERY**

COMES NOW, the Plaintiff, and files the following Memorandum in support of his Motion

to order Defendants (in this instances, the Defendant Prosecutors) to respond to Plaintiff's Request

for Production of documents in compliance with Federal Rules of Civil Procedure Rules 26 (5) (b)

(1), 34 (a) & (b) and 37 (a) (1) (2) (B):

1

Defendants have filed a blanket objection to Plaintiff's request for production of documents. <u>See</u> *Defendants', Jordan, Berry and Connick, Objections to Request for Production of Documents.*

Defendants correctly state Plaintiff's pleading was filed on February 8, 2001. <u>See</u> *Exhibit B.* Without a word of argument, Defendants argue that "[f]or the above and foregoing reasons, the Request for Production of Documents should be disregarded." *Exhibit A, at 2.*

The Defendants rely on their interpretation that the law requires all discovery to be filed in such a way that it was satisfied by February 13, 2001. At the same time, for example, they argue that Requests for Admissions must be filed by that date–something that, for reasons argued elsewhere, is difficult to manage if the discovery process is not yet finished, and the parties do not even know what issues may be covered by the discovery provided by the other party. Thus, the interpretation placed by the Defendants on the law is not obviously dictated by the rules.

In some jurisdictions, apparently, this is made very clear. <u>See</u>, <u>e.g.</u>, <u>Mushroom Associates v Monterey Mushrooms Inc.</u>, 1992 U.S. Dist. LEXIS 20629, *8 (N.D. Cal. 1992) ("Local Rule 230-6 requires service of discovery requests *so that responses will be due* before the cut-off date.") (emphasis supplied)  The very fact that the Northern District of California spells this out suggests that it is otherwise not clear. Undersigned counsel must, obviously, apologize if his interpretation of the law is ultimately ruled erroneous–but his client should not suffer as a result of that misinterpretation, where the law is unclear. "Given the potential for confusion created by the Order, and considering the prejudice that the defendant will suffer if prohibited from discover[y] . . . the court will allow some additional discovery." <u>Romero v. Boyd Brother</u>, 1994 U.S. Dist. LEXIS 13241, *7 (W.D. Va. 1994) (relating to notice filed 21 days after discovery deadline).

If the Defendants only responded to the reasonable requests made for discovery, the discovery

2

would be had long before the trial. Furthermore, it is Plaintiff, not the Defendants, who would suffer from what might be "late" discovery from the Defendants to Plaintiff. On the other hand, there is no policy reason that would justify depriving Plaintiff of any discovery of documents at all. Indeed, Defendants do not even try to assert such a reason.

## CONCLUSION

Wherefore, Plaintiff respectfully moves that this court order and compel Defendant Prosecutors to comply with Plaintiff's request for Production of Documents or, in the alternative, to order "late" discovery and, if such discovery is not forthcoming, to enforce sanctions against the Defendants for violations of the law.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

3

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of ~~February~~ *March*, 2001.

_____

Clive A. Stafford Smith

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        Civil No. 00-0069
                                                   )        Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and                     )        CIVIL RIGHTS under 42 U.S.C.
  PATRICK JOHNSON, NOPD Officers,                  )        §§ 1983, 1985, 1986 & 1988
  along with BYRON BERRY, also                     )
  ROGER JORDAN & GREG KENNEDY,                     )
  individually and in their                        )
  capacities as senior Assistant                   )
  District Attorneys,                              )
  HARRY CONNICK, individually and                  )
  in his capacity as District                      )
  Attorney for Orleans Parish,                     )
  RICHARD PENNINGTON, in his                       )
  capacity as Superintendent, New                  )
  Orleans Police Department, the                   )
  CITY OF NEW ORLEANS, & JOHN DOE,                 )
  an unknown Officer of the New                    )
  Orleans Police Department,                       )        *JURY TRIAL*
                                                   )
                    Defendants.                    )
_____    )

To:    William F. Wessel
       127 Camp Street
       New Orleans, La. 70130-2507

       George Wallace
       Office of the City Attorney
       1300 Perdido Street, 5th Floor East
       New Orleans, La. 70112


**NOTICE OF HEARING**

Please take note that the


1

*Plaintiff's Motion to Compel Responses to Interrogatories Or, in the Alternative, to Allow "Late" Discovery (& Memo)*

*Motion to Compel Production of Documents, or in the Alternative to Allow "Late" Discovery (& Memo)*

are hereby set for a hearing on the _____ day of _____, 2001, at ____ o'clock.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

2

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of March, 2001.

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN                    *        CIVIL ACTION #00-0069
          Plaintiff         *
                              *
versus                            *        SECTION "R" /MAG. 2
                              *
                              *
ANTHONY SMALL, et al              *        JURY TRIAL
          Defendants        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS', JORDAN, BERRY AND CONNICK,
## OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, come the prosecutor defendants, Harry Connick, Sr., Byron

Berry and Roger Jordan, and object to the Request for Production of Documents filed

by the plaintiff herein for the following reasons:

1. The discovery cutoff deadline was set for February 13, 2001 and it has

    not been extended by the court; and,

2. The Request for Production of Documents was filed on February 8,

    2001 and the responses would normally be due on March 10, 2001.

RECEIVED
FEB 2 3 2001
BY:_____

For the above and foregoing reasons, the Request for Production of Documents should be disregarded.

Respectfully submitted,

WESSEL & ASSOCIATES
A LAW CORPORATION

_(signature)_

WILLIAM F. WESSEL (#8551)
127 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1112
Attorney for Defendants, Berry, Connick and Jordan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding, by mailing and faxing same to each by First Class United States Mail, properly addressed and postage prepaid on this 22 day of February, 2001.

_(signature)_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-0069 |
| | ) | Section R Mag. 2 |
| ANTHONY SMALL, DWIGHT DEAL and | ) | CIVIL RIGHTS under 42 U.S.C. |
| PATRICK JOHNSON, NOPD Officers, | ) | §§ 1983, 1985, 1986 & 1988 |
| along with BYRON BERRY, also | ) | |
| ROGER JORDAN & GREG KENNEDY, | ) | |
| individually and in their | ) | |
| capacities as senior Assistant | ) | |
| District Attorneys, | ) | |
| HARRY CONNICK, individually and | ) | |
| in his capacity as District | ) | |
| Attorney for Orleans Parish, | ) | |
| RICHARD PENNINGTON, in his | ) | |
| capacity as Superintendent, New | ) | |
| Orleans Police Department, the | ) | |
| CITY OF NEW ORLEANS, & JOHN DOE, | ) | |
| an unknown Officer of the New | ) | |
| Orleans Police Department, | ) | *JURY TRIAL* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF REQUEST
## FOR PRODUCTION OF DOCUMENTS–PROSECUTORS

*To:*

ROGER JORDAN
BYRON BERRY
HARRY CONNICK SR.

*through their attorney of record*

William F. Wessel, Esq.
127 Camp Street
New Orleans, La. 70130-2507

1

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, please produce at 636 Baronne Street with a written response the following documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS  No. 1.  As to each defendant,[1]** please provide a complete copy of all files and records that are maintained at the Office of the District Attorney, including but not limited to personnel files, disciplinary files, and payment records (salaries/pay scale).

**REQUEST FOR PRODUCTION OF DOCUMENTS  No. 2.  As to each and every** complaint of any kind raised in any way, including orally, with any individual or group concerned officially or unofficially with any allegation of misconduct against any of the defendants, please provide copies of all documents related in any way to the complaint that are in the defendant's possession and/or available to him.

**REQUEST FOR PRODUCTION OF DOCUMENTS No. 3.  Identify and produce any** policy manuals of any kind that have been in effect at the Office of the District Attorney since 1990.

**REQUEST FOR PRODUCTION OF DOCUMENTS No. 4.  Please provide any policy** document and any memorandum of any kind that assists employees in the Office of the District Attorney with the appropriate manner of using "Article 66" subpoenas[2] in criminal cases at any time, and provide copies of all the variations of "Article 66"/"DA Subpoena" forms that have been produced or used for or in the Office of the District Attorney since 1990.

---

[1] In this pleading, "defendant" refers only to the current and former prosecutors who are defendants in this lawsuit (Defendants Jordan, Berry and Connick).

[2] These are sometimes referred to as "D.A.'s subpoenas" and state something to the effect that "[y]ou are hereby notified to appear before the District Attorney in and for the Parish of Orleans," on a particular day, "to testify to the truth according to your knowledge in such matters as may be required of you."

2

**REQUEST FOR PRODUCTION OF DOCUMENTS No. 5.** Please provide a complete copy of the entire file of the Office of the District Attorney with respect to any case concerning Shareef Cousin, and including all documents of any kind, including all notes made by any member of the office, or any document of any kind received from any source.

**REQUEST FOR PRODUCTION OF DOCUMENTS No. 6.** Please provide copies of all statements of any kind that have been taken with respect to all witnesses you will or may call at trial, including any statement of any witness even if that statement was made with respect to another proceeding, so long as it is related in any way to the facts and circumstances of this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS No. 7.** Please provide copies of any contracts for legal services between any defendant and William Wessel, as it relates to providing legal services in the defense of this case.

Respectfully submitted,

Clive A. Stafford Smith
La. Bar No. 14444
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867

Attorney for Plaintiff

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon William F. Wessel, 127 Camp Street, New Orleans, La. 70130-2507 and upon George Wallace, Assistant City Attorney, 1300 Perdido Street, 5th Floor East, New Orleans, La. 70112, by fax and by placing it in the U.S. Mail, properly addressed and postage prepaid on this 8th day of February, 2001.

Clive A. Stafford Smith

4



## LAW OFFICES
636 Baronne Street, New Orleans, LA 70113
(504) 558-9867  Fax: (504) 558-0378

Via Fax: 568-1208                                 HAND DELIVERED

February 08ᵗʰ, 2001

William F. Wessel, Esq.
127 Camp Street
New Orleans, La. 70130

*Re: Shareef Cousin v. Anthony Small et al.*
*U.S.D.C. No. 00-0069 "R-2"*

Dear Attorney Wessel:

Enclosed please find "Plaintiffs' First Set of Request for Production of Documents-Prosecutors."

With kindest regards,

Sincerely,

Stacy Lynn Morris

UNITED STATES DISTRICT COURT                    *Exhibit C*
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )    Civil No. 00-0069
                                         )    Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and           )    CIVIL RIGHTS under 42 U.S.C.
  PATRICK JOHNSON, NOPD Officers,        )    §§ 1983, 1985, 1986 & 1988
  along with BYRON BERRY, also           )
  ROGER JORDAN & GREG KENNEDY,           )
  individually and in their              )
  capacities as senior Assistant         )
  District Attorneys,                    )
  HARRY CONNICK, individually and        )
  in his capacity as District            )
  Attorney for Orleans Parish,           )
  RICHARD PENNINGTON, in his             )
  capacity as Superintendent, New        )
  Orleans Police Department, the         )
  CITY OF NEW ORLEANS, & JOHN DOE,       )
  an unknown Officer of the New          )
  Orleans Police Department,             )    *JURY TRIAL*
                                         )
                    Defendants.          )
_____)

## PLAINTIFF'S RESPONSE TO DEFENDANT PROSECUTORS' REQUEST FOR PRODUCTION OF DOCUMENTS

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff responds Defendants'

request for production of documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**  Copies of all documents supplied

to you by the police officers that you refer to in paragraphs 107 and 108 of your Complaint.

        This is all contained in the complete copy of NOPD file. (PRA 001-422) *This has previously
been provided to you as Appendix A to Plaintiff's Reply to The Motion to Dismiss or Alternatively*

1

*For Summary Judgment Filed by Defendants Connick, Kennedy, Berry and Jordan*

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**  A copy of the "study" referred to

by you in paragraphs 199 and 200 of your Complaint.

The summary of the study is as follows:

# RACISM AND THE DEATH PENALTY
# IN HARRY CONNICK'S OFFICE

A study conducted in connection with the Cousin case looks as the use of the death penalty in Orleans Parish from 1990-1995, the years leading up to the charges.  This data involved more than 400 homicide charges, and demonstrates the following:

☛ From 1990 until 1995, *all those sentenced to death in Orleans Parish were African-American.*

☛ *African-American life is cheap to Harry Connick, who seeks death almost three times as often if the victim is white.*  If a black person is charged with the murder of a white person, 72.7% of the time (32 out of 44) the District Attorney will seek the death penalty.  If a black person is charged with killing another black person, the death penalty will be sought only 28.5% of the time (102 out of 365).

☛ *The race of the defendant matters to Connick too:*  On the other hand, if you are white and kill a white person, Connick will only seek death in 21.4% of the cases.

☛ *Connick presses for a conviction for first degree murder five times as often if the victim is white.*  If you are black, only one time in twenty (5.5%) will the D.A. press through to a conviction for first degree murder if you kill a black person.  If you kill a white person, the probability jumps to once in four (27.0%).

The study also looks at the cases where the defendant in a homicide case was a child under 18 years old:

☛ The only child sentenced to death (Shareef Cousin) was black, accused of killing a white person.  70 kids Shareef's age or older did not receive the death penalty.

☛ Where the victim was white, the District Attorney was more than *twice* as likely to seek a capital indictment (70% of the time) compared to cases where the victim was black (30% of the time).

2

☛ All twelve of the children sentenced to life imprisonment without the possibility of parole were black. No white defendant received life imprisonment.

☛ A white victim is worth *twice* as much time as a black victim. If he did not receive a life or death sentence, a black person convicted of a homicide charge against a white victim from 1990 to 1996 received an average of 30.5 years in prison; if the victim was black, the average sentence was less than half, or 15.0 years.

Going back to Slavery, every child Shareef's age who has ever been executed in Louisiana has been black, accused of killing a white person. When Harry Connick sought death for Shareef, he is trying to kill a child of this age for the first time in 50 years:

| ACCUSED'S NAME | RACE | VICTIM RACE | DATE OF EXECUTION |
|---|---|---|---|
| FRANK (A SLAVE) | **BLACK** | **WHITE** | AUGUST 24, 1855 |
| JOSEPH (A SLAVE) | **BLACK** | **WHITE** | JUNE 15, 1858 |
| WESLEY TURNER | **BLACK** | **WHITE** | APRIL 22, 1878 |
| ROBERT CHENEY | **BLACK** | **WHITE** | MAY 16, 1879 |
| JIM CONELM | **BLACK** | **WHITE** | FEBRUARY 3, 1888 |
| WILLIE FRANCIS | **BLACK** | **WHITE** | JUNE 7, 1941 |
| IRVIN MATTIO | **BLACK** | **WHITE** | JANUARY 9, 1948 |

The first two victims were both slaves. Of the two sixteen year old children executed this century, Willie Francis' case went to the Supreme Court on the cruelty of the Electric Chair that ultimately killed him. Irvin Mattio died fifty years ago. This might have been a sorry footnote in history had D.A. Harry Connick not sought to seek death anew against Shareef Cousin. Again, he is black and the victim in the case is white. Never, in the 195 year history of this state, has a white person Shareef's age been executed. Never, in all those 195 years, has anyone Shareef's age been executed for a crime against a black person.

All approximately 400 case files are available for inspection in the office of counsel for the Plaintiff at any convenient time for counsel for the Defendant. However, it would be unduly burdensome to copy the many thousands of pages in response to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** Copies of all documents reflecting

3

exculpatory evidence that was supplied to you by any Assistant District Attorney.

A.  The complete copy of NOPD file. (PRA 001-422) While this was not provided by an ADA, this does include various of the Brady materials, including the March 5, 1995, statement by Connie Babin. *This has previously been provided to you as Appendix A to Plaintiff's Reply to The Motion to Dismiss or Alternatively For Summary Judgment Filed by Defendants Connick, Kennedy, Berry and Jordan*

B.  The May 29, 1998, discovery disclosures are attached. (See Discovery Volume 1, 5/28/98)

C.  The June 4, 1998, discovery disclosures are attached. (See Discovery Volume 2, 6/4/98)

D.  The September 10, 1998, discovery disclosures are attached. (See Discovery Volume 3 from 9/10/98 visit to DA's Office)

E.  The Prosecutor Defendants already have the originals of the tapes provided in discovery on January 7, 1999, but they are available for copying at the office of counsel for the Plaintiff at Defendants' pleasure and convenience.

F.  The documents that have not yet been turned over to the Plaintiff from the Office of the District Attorney are currently in the possession of the Prosecutor Defendants at their office.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**  Copies of all other documents received by you from any Assistant District Attorney.

*See above.*

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**  Copies of your school transcripts for your attendance at any school during your lifetime.

*All school records in the possession of Plaintiff are attached.*

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**  Copies of all records showing any earnings by you in your lifetime.

*Not available.*

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Copies of every document used by you or referred to by you in your Complaint which helped you formulate the allegations of your

4

Complaint including newspaper articles in the Times Picayune and the Louisiana Weekly that you refer to in your Complaint.

    A.  Times-Picayune (NORD 13053-60) *Attached.*

    B.  Times-Picayune (NORD 13110, 13113) *Attached*

    C.  Other Times-Picayune articles. *Attached.*

    *See above.*

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:** Copies of all documents you intend to use at trial to show a pattern practice, policy or custom of the Orleans Parish District Attorney's Office to withhold "Brady" material.

    A.  The cases in which a "Brady Violation" occurred in an Orleans Parish state prosecution, are listed by citation in the response to interrogatories and are equally available to the Defendants in the published law reports.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:** Copies of all documents, not previously furnished herein which may be used as evidence at trial.

    *Plaintiff has previously noted that the following shall be the Plaintiff's exhibits at the trial of this matter:*

10.    Complete copy of NOPD file. (PRA 001-422) *This has previously been provided to you as Appendix A to Plaintiff's Reply to The Motion to Dismiss or Alternatively For Summary Judgment Filed by Defendants Connick, Kennedy, Berry and Jordan*

11.    Complete copy of DA's file. *This has not yet been provided to the Plaintiff in discovery, but is clearly available to the Defendant Prosecutors.*

12.    Times-Picayune (NORD 13053-60) *Already attached.*

13.    Times-Picayune (NORD 13110, 13113) *Already attached*

14.    NOPD Procedures Manual *In possession of the Police Defendants; not yet provided in discovery by them; an older version available to copy if Prosecutor defendants wish to.*

15.   NOPD Homicide Investigation Procedure Memorandum (7519-24) *Provided as exhibit PS-1 during Anthony Small's deposition.*

16    Crimestoppers Letter (June 11, 1996) (12287) *Attached.*

17.   Small Public Integrity Division File. *In possession of the Police Defendants; not yet provided in discovery by them; an older version available to copy if Prosecutor defendants wish to.*

18.   Small Civil Service Record (417-513) *In possession of the Police Defendants; not yet provided in discovery by them; an older version available to copy if Prosecutor defendants wish to.*

19    Small Public Service Commission Record (9612-913) *In possession of the Police Defendants; not yet provided in discovery by them.*

20.   Baton Rouge Advocate articles (10468-77) *Attached.*

21.   Louisiana Weekly articles (10698A-724) *Attached*

22.   Videotape of the Basketball Game on March 2, 1995. *Available for copying (Prosecutor Defendants already have a copy in their file; copy provided to anyone who needs one on request).*

23.   Videotaped deposition of Jonathan Webb (plus transcript) *Transcript attached as Exhibit A to this document; copies of the video available on request.*

Various exhibits will only be used if the Defendants seek to assert that Plaintiff may have actually committed the crime, despite their dismissal of the charges against him. These exhibits would include, but not be limited to, the following:

24.   *James Rowell v. George Simno et al.*, No. 98-1142-(B)(2) (7128-207) *Attached.*

25.   Any aspect of the 1996 trial transcript, the 1996 post-trial proceedings, and the 1998 retrial proceedings in *State of Louisiana v. Cousin*. *This is a massive record that is available to all Defendants already, but it is available at the office of counsel for Plaintiff for review at any time convenient to Defendants' counsel.*

*It should be noted that discovery is on-going and Plaintiff reserves the right to amend this notice in a timely fashion should other exhibits become necessary to the case.*

6

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**  All documents that you contend support your allegations that any of the District Attorneys defendants participated in any of the conspiracies that you complain in your complaint.

In addition to the materials set forth above, please refer to the transcript of the capital trial reflecting the apparently concerted effort to ensure that witnesses toed a particular line in order to explain away Connie Babin's inability to make an identification on the night of the crime.

Respectfully submitted,

_____

Clive A. Stafford Smith
La. Bar. No. 14444
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon William F. Wessel, attorney for defendants, Harry F. Connick, Roger Jordan, Greg Kennedy and Byron Berry, by mailing the same via First Class U.S. Mail, properly addressed and postage prepaid on this _____ day of February, 2001.

_____

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                          )
                        Plaintiff,       )
                                         )
v                                        )          Civil No. 00-0069
                                         )          Section R Mag. 2
ANTHONY SMALL, *et al.*                  )          CIVIL RIGHTS under 42 U.S.C.
                                         )          §§ 1983, 1985, 1986 & 1988
                        Defendants.      )
_____      )

**ORDER**

On Plaintiff's *Motion to Compel Production of Documents, or in the Alternative to Allow*

*"Late" Discovery,* and this court being duly apprised of the premises, it is hereby ORDERED that

the motion be GRANTED.

Done this ____ day of _____, 2001.


_____
JUDGE, UNITED STATES DISTRICT COURT

## **CERTIFICATION**

I, Clive A. Stafford Smith, movant and attorney for Plaintiff hereby certify that I have made a good faith attempt to confer with the Defendant prosecutors with respect to the following motions:

1. Plaintiff's Motion to Compel Production of Documents,

2. Plaintiff's Motion to Compel Responses to Interrogatories,

in accordance with the provisions of Federal Rules of Civil Procedure Rule 37 (2) (B).

I further certify that I have sought to secure the information and material needed on March 6, 2001, without court intervention/action.

DATED: This the _7th_ day of March, 2001.

CLIVE A. STAFFORD SMITH