UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        Civil No. 00-0069
                                                   )        Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and                     )        CIVIL RIGHTS under 42 U.S C.
   PATRICK JOHNSON, NOPD Officers,                 )        §§ 1983, 1985, 1986 & 1988
   along with BYRON BERRY, also                     )
ROGER JORDAN & GREG KENNEDY,                       )
individually and in their                          )
capacities as senior Assistant                     )
District Attorneys,                                )
HARRY CONNICK, individually and                    )
in his capacity as District                        )
Attorney for Orleans Parish,                       )
RICHARD PENNINGTON, in his                         )
capacity as Superintendent, New                    )
Orleans Police Department, the                     )
CITY OF NEW ORLEANS, & JOHN DOE,                   )
an unknown Officer of the New                      )
Orleans Police Department,                         )        *JURY TRIAL*
                                                   )
                    Defendants                     )
_____  )

## PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO INTERROGATORIES OR,
## IN THE ALTERNATIVE, TO ALLOW "LATE" DISCOVERY

COMES NOW, the Plaintiff, and moves that this Court order and compel Defendants (in this

instance, the Defendant Prosecutors) to Respond to Plaintiff's Interrogatories in compliance with

Federal Rules of Civil Procedure Rules 33 (a), 33 (b) (4):

    1  Defendants have filed a blanket objection to Plaintiff's Interrogatories. See *Defendants',*

1

*Jordan, Berry and Connick, Objections to Plaintiff's First Set of Interrogatories.* See *Exhibit A.*

2. Defendants are unjustified in resisting Plaintiff's Interrogatories given that Plaintiff made the request prior to the discovery deadline.

3. There is no clear notice in the local rules requiring that the discovery requests be made at least 30 days before the discovery deadline, and counsel for Plaintiff did not understand the rules to require such.

4. Defendants state that Plaintiff's pleading was filed on January 25, 2001. Actually, it was both faxed and mailed to Defendants on January 24, 2001. See *Exhibit B.*

5. Defendants also argue that Plaintiff propounded over 25 interrogatories upon them, stating that there are subparts. In fact, the questions propounded by the Plaintiff are remarkably similar to the questions propounded by the Defendants in their interrogatories. See *Exhibit C.* Plaintiff sought thoroughly to answer the Defendants' requests. See *Exhibit D.* For reasons set forth in the memorandum of law on this matter,[1] the Plaintiff's requests are not many additional interrogatories, but the number allowed by law with permissible and related subparts.

6 Thus, Plaintiff's interrogatories do not violate any rule, in that each subpart stated in the interrogatories does not seek to discover any information relative to separate subjects. Further, the subparts merely create a delineated list of questions relative to the numbered interrogatory as a vehicle or means of allowing the Defendant prosecutors a way of responding to said interrogatories

---

[1] Briefly, according to the 1993 Amendment to Rule 33 of the Federal Rules of Civil Procedure, subparts to interrogatories may be treated as a single interrogatory where the subpart does not seek to discover information about discrete separate subjects. Accordingly, "...a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication."

2

in a clear and concise manner.

7. There is no prejudice to the Defendants in ordering this discovery since it would in no way delay matters. Indeed, it is the Plaintiff who is the only one arguably prejudiced by any late discovery of this material. Had Defendants merely complied with the requests the discovery would have been turned over on March 10, 2001, in plenty of time for use at trial.

8. Plaintiff's interrogatories are very reasonable, and include such requests as "Please provide the names, addresses and telephone numbers of all witnesses you will or may call at trial, *along with a brief summary of what they are expected to testify about.*" Interrogatory No. 24 *(emphasis supplied)* The information about the witnesses' statements is required under the local rules anyway, and yet the Defendants have never disclosed it. Likewise, Plaintiff requests the policy manuals that the Defendants purport to rely on in support of their claims of immunity,[2] which were produced (but only in tiny part) in support of the Defendants' motion for summary judgment.

9. Defendants make no argument why they, the trial date, or any other aspect of this case would be prejudiced by having to respond—indeed, had they done so, the responses would already have been completed. Instead of bringing the issue up at once, which would certainly have obviated any possible problems, Defendants waited until the 29th day to file their objection.

10. Additionally, with these and each other request for discovery, the Plaintiff has been hampered by the fact that he has lost three counsel over the brief course of this case. Ike Spears was forced to withdraw because of a conflict—he had other work with the Office of the City Attorney

---

[2] Plaintiff asks the Defendants to "[i]dentify and produce any policy, written or oral, adopted by the Office of the District Attorney that governs the discipline of employees for misconduct occurring in connection with employment in the office, including but not limited to violating the rights of the accused in the prosecution of criminal cases, that has been in force for any or all of the time between March 2, 1995 and present. . . ." *Interrogatory No. 6.*

3

Reggie Laurent has not been able to continue on the case because he, apparently, has the same conflict. And then Kern Reese, who was the civil lawyer expected to bear the primary load, was forced to withdraw when the Defendants sought to make him a witness in the case. This left only undersigned counsel, and it has proven impossible, despite efforts, to secure assistance from other counsel.

11. On Tuesday, March 6, 20001, Plaintiff met with counsel for the Defendants, shown counsel this pleading that he intended to file, and been unable to resolve this issue. This motion is therefore compelled.[3]

## CONCLUSION

Wherefore, Plaintiff respectfully moves that this court order and compel Defendant Prosecutors to answer Plaintiff's Interrogatories or, in the alternative, to order "late" discovery and, if such discovery is not forthcoming, to enforce sanctions against the Defendants for violations of the law.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

---

[3] Arguably, Defendants are in violation of *Local Rule 37.1 E & M,* as they did not attach the required certificate stating that they made a good faith attempt to resolve their objections to Plaintiff's Interrogatories to amicably resolve the discovery deadline issue. Indeed, no such effort has been made to date.

4

## Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of ~~February~~ March, 2001.

Clive A. Stafford Smith

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,                              )
                                             )
                     Plaintiff,              )
                                             )
v.                                           )        Civil No. 00-0069
                                             )        Section R Mag. 2
ANTHONY SMALL, DWIGHT DEAL and               )        CIVIL RIGHTS under 42 U.S.C.
  PATRICK JOHNSON, NOPD Officers,            )        §§ 1983, 1985, 1986 & 1988
  along with BYRON BERRY, also               )
  ROGER JORDAN & GREG KENNEDY,               )
  individually and in their                  )
  capacities as senior Assistant             )
  District Attorneys,                        )
  HARRY CONNICK, individually and            )
  in his capacity as District                )
  Attorney for Orleans Parish,               )
  RICHARD PENNINGTON, in his                 )
  capacity as Superintendent, New            )
  Orleans Police Department, the             )
  CITY OF NEW ORLEANS, & JOHN DOE,           )
  an unknown Officer of the New              )
  Orleans Police Department,                 )        *JURY TRIAL*
                                             )
                     Defendants              )
_____)

## PLAINTIFF'S MEMORANDUM IN
## SUPPORT OF MOTION TO COMPEL
## RESPONSES TO INTERROGATORIES OR,
## IN THE ALTERNATIVE, TO ALLOW "LATE" DISCOVERY

COMES NOW, the Plaintiff, and files the following memorandum in support of his motion

that this Court order and compel Defendants (in this instance, the Defendant Prosecutors) to Respond

to Plaintiff's Interrogatories in compliance with Federal Rules of Civil Procedure Rules 33 (a), 33 (b)

(4 ):

1

Defendants have filed a blanket objection to Plaintiff's Interrogatories. See *Defendants'*, *Jordan, Berry and Connick, Objections to Plaintiff's First Set of Interrogatories*. Defendants are unjustified in resisting Plaintiff's Interrogatories given that Plaintiff made the request prior to the discovery deadline.

There is no clear notice in the local rules requiring that the discovery requests be made at least 30 days before the discovery deadline, and counsel for Plaintiff did not understand the rules to require such.

The Defendants rely on their interpretation that the law requires all discovery to be filed in such a way that it was satisfied by February 13, 2001. At the same time, for example, they argue that Requests for Admissions must be filed by that date–something that, for reasons argued elsewhere, is difficult to manage if the discovery process is not yet finished, and the parties do not even know what issues may be covered by the discovery provided by the other party. Thus, the interpretation placed by the Defendants on the law is not obviously dictated by the rules.

In some jurisdictions, apparently, this is made very clear. See, e.g., Mushroom Associates v. Monterey Mushrooms Inc., 1992 U.S. Dist. LEXIS 20629, *8 (N.D. Cal. 1992) ("Local Rule 230-6 requires service of discovery requests *so that responses will be due* before the cut-off date.") (emphasis supplied). The very fact that the Northern District of California spells this out suggests that it is otherwise not clear. Undersigned counsel must, obviously, apologize if his interpretation of the law is ultimately ruled erroneous–but his client should not suffer as a result of that misinterpretation, where the law is unclear. "Given the potential for confusion created by the Order, and considering the prejudice that the defendant will suffer if prohibited from discover[y] . . the court will allow some additional discovery." Romero v. Boyd Brother, 1994 U.S. Dist. LEXIS

2

13241, *7 (W.D. Va. 1994) (relating to notice filed 21 days after discovery deadline).

If the Defendants only responded to the reasonable requests made for discovery, the discovery would be had long before the trial. Furthermore, it is Plaintiff, not the Defendants, who would suffer from what might be "late" discovery from the Defendants to Plaintiff. On the other hand, there is no policy reason that would justify depriving Plaintiff of any discovery of documents at all. Indeed, Defendants do not even try to assert such a reason.

With respect to the Defendants' other objection, there is no merit to the argument that Plaintiff's interrogatories have "subparts" such that they are more than 25 in number. First, the rules require that the objections made by Defendants "shall set forth in full, immediately preceding each . . . objection, the request . . . to which objection is being made." *Local Rule 36*. This, the Defendants have not done, so it is not possible for us to identify those interrogatories where the Defendants have a problem.

However, the law makes clear that the Defendants' position has no merit. As one court has held, for example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 443-44, 1998 U.S. Dist. LEXIS 21374 (C.D. Cal. 1998), quoting the *Advisory Committee Note, 146 F.R.D. 675-676*

The court also quotes Wright, who says that "an interrogatory containing subparts directs at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable." <u>Safeco</u>, 181 F.R.D. at 444, quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2168.1, at 261

3

(2d ed. 1994).

The "interrogator subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." Safeco, 181 F.R.D. at 445, quoting Kendall v. GES Exposition Services Inc., 174 F.R.D. 694, 695 (D. Nev. 1997).  In Kendall, for example, the Court held that

> The following constitute interrogatories with legitimate subparts which are subsumed in the primary question:
>
> INTERROGATORY NO. 10: Was "KENDALL" given any warning/reprimand during her employment with Defendants? If so, identify each warning/reprimand by date of incident, brief description of the incident and person who administered the warning/reprimand by name, gender, position and address.
>
> INTERROGATORY NO. 16: In response to Plaintiff's Interrogatory No. 8, Defendants Answer by stating, inter alia, that Kendall was "called to work in freight GES after December 1991 and declined the work." Identify each and every instance by date, show and labor list reflecting Defendants' assertion that Kendall was called to work in freight at GES and declined.  Also, identify the person who administered the labor call and drafted the labor list.

Kendall, 174 F.R.D. at 686.

4

## CONCLUSION

Wherefore, Plaintiff respectfully moves that this court order and compel Defendant Prosecutors to answer Plaintiff's Interrogatories or, in the alternative, to order "late" discovery and, if such discovery is not forthcoming, to enforce sanctions against the Defendants for violations of the law.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

### Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of ~~February~~ March, 2001.

Clive A. Stafford Smith

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN,

               Plaintiff,

v.

ANTHONY SMALL, DWIGHT DEAL and
  PATRICK JOHNSON, NOPD Officers,
  along with BYRON BERRY, also
  ROGER JORDAN & GREG KENNEDY,
  individually and in their
  capacities as senior Assistant
  District Attorneys,
  HARRY CONNICK, individually and
  in his capacity as District
  Attorney for Orleans Parish,
  RICHARD PENNINGTON, in his
  capacity as Superintendent, New
  Orleans Police Department, the
  CITY OF NEW ORLEANS, & JOHN DOE,
  an unknown Officer of the New
  Orleans Police Department,

               Defendants.

Civil No. 00-0069
Section R Mag. 2
CIVIL RIGHTS under 42 U.S.C.
§§ 1983, 1985, 1986 & 1988

*JURY TRIAL*

To:   William F. Wessel
      127 Camp Street
      New Orleans, La. 70130-2507

      George Wallace
      Office of the City Attorney
      1300 Perdido Street, 5th Floor East
      New Orleans, La. 70112

### **NOTICE OF HEARING**

Please take note that the

1

*Plaintiff's Motion to Compel Responses to Interrogatories Or, in the Alternative, to Allow "Late" Discovery (& Memo)*

*Motion to Compel Production of Documents, or in the Alternative to Allow "Late" Discovery (& Memo)*

are hereby set for a hearing on the ____ day of _____, 2001, at ___ o'clock.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

2

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 6th day of March, 2001.

3

SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED