FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 12 PM 4: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN | * | CIVIL ACTION # 00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |

**********************************

### DISTRICT ATTORNEY DEFENDANTS', OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL OR TO ALLOW "LATE" DISCOVERY

The plaintiff in this case has missed every deadline that has been set forth by this Court

with the exception of the filing of the Pre-Trial Order. In December of 2000, after the deadline

for filing the expert witnesses, the plaintiff filed a motion with the Court to allow him to furnish

the identity of the expert witnesses tardily; however, the Court refused that. Later the plaintiff

failed to file his Exhibit and Witness List, yet the Court allowed the plaintiff to file that tardily.

Finally, the plaintiff neglected again to comply with the Court's rules on filing an Opposition to

the Motion for Summary Judgment/Motion to Dismiss, and again the Court indulged the

plaintiff. The Pre-Trial Order itself probably would have not been filed timely had counsel for

the District Attorney defendants not alerted the plaintiff to the fact and the time that it was due.

Relative to the discovery herein, the plaintiff filed his discovery as follows:

1. The Request for Production of Documents, February 8, 2001 by fax;

2. Interrogatories, January 24, 2001by fax; and,

3. Request for Admissions, February 14, 2001 by mail and received on February
   15, 2001.

A Minute Entry issued by the Court on August 31, 2000, set the Pre-Trial Conference

date at March 15, 2001. That Minute Entry stated quite clearly "....all discovery shall be

completed no later than thirty days prior to the final pre-trial conference date." Since the Pre-

Trial Conference date was originally scheduled for March 15, 2001, the discovery cutoff date

would have been February 13, 2001. None of the discovery, the Interrogatories, the Request for

Admissions, or the Request for Admissions, was filed in sufficient time in accordance with the

federal rules that would allow for the answer to that discovery to be made prior to February 13,

2001. The scheduling order of the Court likewise states that:

> "Deadlines, cutoff dates, or other limits fixed herein may only be
> extended by the Court upon timely motion filed in compliance with the
> plan and local rules and upon a showing of good cause."

In the papers before this court, not only has the Motion for Extension been untimely filed, but

there are no grounds contained in the motion that show any valid reason why the extension of the

cutoff date should be granted to the plaintiff in this instance.

The only somewhat legitimate reason that is advanced is in paragraph 10 in which counsel relates that he was forced to carry the burden of this case by himself because three of his other co-counsel had to withdraw. The argument is specious and not based upon fact. Ike Spears' name was placed on the Complaint when it was originally filed but was apparently stricken when he and his co-counsel realized that he was suing the City of New Orleans by whom Ike Spears is employed. Insofar as Reginald Laurent is concerned, this case advanced for almost a full year before Reginald Laurent took any position in this case relative to his standing by reason of being employed by the City. Nonetheless, there has yet to be filed a Motion to Withdraw Reginald Laurent as counsel for the plaintiff in this case, at lease insofar as the knowledge of the District Attorney defendants. Finally, Kern Reese has never participated in the handling of this case except to send a demand letter and appear along with Smith as an attorney at a couple of the depositions, but he did not participate in any fashion.

Furthermore, Kern Reese has not seen fit to file a Motion to Withdraw as of the filing of this response. The District Attorney defendants listed Kern Reese as a witness in this case solely to find out what the case is about. Because of the fact that the plaintiff had not filed a timely witness list, the District Attorney defendants had to guess as to how the plaintiff was going to put on his case and surmise that the only way that the plaintiff could do so was to put on his attorneys who represented him at the trial of the murder case. Interestingly enough, the plaintiff has filed a Petition for Habeas Corpus based on allegations of incompetent counsel relative to his conviction for the companion armed robbery cases in which he pled guilty. Counsel for the

3

plaintiff at the trial stage of his murder and armed robbery cases were Kern Reese, Esq., Willard Hill, Esq., and Judge Roland Belsome. See Proceedings No. 99-0183 "J" on the docket of this Court, particularly paragraphs 4 and 5.

Finally, plaintiff makes the assertion that the District Attorney defendants had the obligation of invoking a Local Rule 37.1 conference prior to filing objections to the discovery. Such is not the case. A 37.1 conference is only required in connection with a motion relative to discovery. The District Attorney defendants filed no such motion.

Finally the plaintiff states that the subparts contained in his Interrogatories are all part of the same Interrogatory. A glimpse at Interrogatory No. 6 alone will indicate to the Court that the plaintiff has phrased an interrogatory to not only include the identification of the policies in the office of the District Attorney, but at subparagraph e, f and g goes into the various persons who have been disciplined in accordance with the violations of the policy. That in itself makes the Interrogatories go over twenty-five.

Suffice it to say that the plaintiff has not shown any valid reasonable grounds for having sat on the scurrilous allegations contained in the Complaint for over a year without taking any steps towards reasonable discovery. Had the defendants not initiated discovery through depositions, and interrogatories and requests for production of documents as well as filing the Motion to Dismiss and for Summary Judgment, plaintiff would have tried this case merely relying on the allegations contained in the Complaint.

4

For the above and foregoing reasons, the Motion to Compel Discovery in this case filed by the plaintiff against the District Attorney defendants should be dismissed.

Respectfully Submitted,
**WESSEL & ASSOCIATES**
**A LAW CORPORATION**

WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, Louisiana 70130
Telephone (504) 568-1112
Attorneys for the District Attorney
Defendants, Connick, Berry, and Jordan

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for the plaintiff by hand and to counsel for all other parties by mailing same to each by United States Mail, properly addressed and postage prepaid and by facsimile this 12th day of March, 2001.

5