

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 20  AM 11: 42

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN | CIVIL ACTION |
| VERSUS | NO: 00-0069 |
| ANTHONY SMALL, ET AL. | SECTION: "R"(2) |

### ORDER AND REASONS

Before the court is plaintiff Shareef Cousin's motion for a bifurcated trial. For the following reasons, the Court denies the motion.

**I.  Background**

A jury sentenced plaintiff Shareef Cousin to death for the March 2, 1995 murder of Michael Gerardi. *See State v. Cousin*, 710 So.2d 1065, 1066 (La. 1998). Plaintiff appealed, and the Louisiana Supreme Court overturned the conviction, remanding the case for further proceedings. *See id.* at 1073. The Louisiana Supreme Court found "clear violations of defendant's right to a fair trial." *Id.* Specifically, the prosecutor "improperly urged

DATE OF ENTRY
APR 2 0 2001

the jury to accept the substance of . . . hearsay statements and to use the statements to convict defendant," and the prosecution did not disclose exculpatory witness statements to the defense. *Id.* Following the Louisiana Supreme Court's decision to overturn plaintiff's conviction, the district attorney's office decided to dismiss the prosecution.

On January 7, 2000, plaintiff filed a complaint in the United States District Court for the Eastern District of Louisiana, seeking reli  under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state and federal tort law. In his complaint, plaintiff alleges a multitude of prosecutorial and law enforcement abuses. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and a prohibition against defendants using the same counsel. (Compl. ¶¶ A-H.)

Plaintiff now moves for separate trials of liability and damages. Although plaintiff acknowledges that evidence of his prior convictions for armed robbery is relevant to a determination of damages, he argues that such evidence is irrelevant and unduly prejudicial to a determination of liability. Defendants Harry Connick, Bryon Berry, and Roger Jordan oppose the motion.

II. **Discussion**

A district court has the sole discretion to grant separate

trials. *See Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994)(quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992). Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the district judge may order a separate trial of any claim or issue when such an order would further convenience, avoid prejudice, or promote judicial economy or expedition. *See* FED. R. CIV. P. 42(b). Separate trials should nevertheless be the exception, not the rule. *See Laitram*, 791 F. Supp. at 114-15 (ultimately courts should not order separate trials "unless such a disposition is clearly necessary")(citation omitted). In fact, the Fifth Circuit has established an important limitation on when a district court may order separate trials. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993)(citations omitted). A court should not bifurcate claims unless the issue to be tried separately is "so distinct and separable from the others that a trial of it alone may be had without injustice." *See id.* (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). Essentially, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is

appropriate. *See Laitram*, 791 F. Supp. at 115 (court expected to exercise its discretion under Rule 42 on a case-by-case basis).

Here, plaintiff asserts that evidence of his prior convictions is irrelevant and unduly prejudicial to a determination of liability, although he admits that it is relevant to the issue of damages. He argues that separate trials of liability and damages is necessary to prevent unfair prejudice. The Court rejects this argument. Plaintiff confessed to and was convicted of four armed robberies that are apparently similar in time, place, plan, and method of execution to the circumstances surrounding the Gerardi murder. As plaintiff accuses defendants of purposefully prosecuting him despite their knowledge of his innocence, these apparent similarities are likely to be pertinent to any assessment of defendants' state of mind. Accordingly, the Court is not convinced that evidence of plaintiff's four prior convictions for armed robbery is irrelevant to the liability issue or that the potential prejudice from this evidence outweighs its probative value. *See* FED. R. EVID. 401, 403. Furthermore, plaintiff has not shown that the liability and damages issues are so distinct that they may be tried separately without injustice. Finally, the Court is convinced that bifurcation will unduly prolong these proceedings. The Court therefore denies plaintiff's motion for a bifurcated

4

trial.

III. **Conclusion**

For the foregoing reasons, the Court denies plaintiff's motion for a bifurcated trial.

New Orleans, Louisiana, this 20th day of April, 2001.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE