FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 23  PM 2: 30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN | CIVIL ACTION |
| VERSUS | NO: 00-0069 |
| ANTHONY SMALL, ET AL. | SECTION: "R"(2) |

### ORDER AND REASONS

Before the court is plaintiff Shareef Cousin's motion to prevent commentary on his assertion of his right to remain silent. For the following reasons, the Court denies the motion.

### I. Background

A jury sentenced plaintiff Shareef Cousin to death for the March 2, 1995 murder of Michael Gerardi. *See State v. Cousin*, 710 So.2d 1065, 1066 (La. 1998). Plaintiff appealed, and the Louisiana Supreme Court overturned the conviction, remanding the case for further proceedings. *See id.* at 1073. The Louisiana Supreme Court found "clear violations of defendant's right to a fair trial." *Id.* Specifically, the prosecutor "improperly urged





the jury to accept the substance of . . . hearsay statements and to use the statements to convict defendant," and the prosecution did not disclose exculpatory witness statements to the defense. *Id.* Following the Louisiana Supreme Court's decision to overturn plaintiff's conviction, the district attorney's office decided to dismiss the prosecution.

On January 7, 2000, plaintiff filed a complaint in the United States District Court for the Eastern District of Louisiana, seeking relief under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state and federal tort law. In his complaint, plaintiff alleges a multitude of prosecutorial and law enforcement abuses. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and a prohibition against defendants using the same counsel. (Compl. ¶¶ A-H.)

At his deposition, on advise of counsel, plaintiff asserted his Fifth Amendment privilege against self-incrimination and refused to answer defendants' questions concerning the substance of his four prior armed robbery convictions.[1] Plaintiff now moves to prevent commentary on his assertion of this right. He argues that his right to remain silent is not admissible at trial for any purpose. Plaintiff further argues that any comments on

---

[1]   Plaintiff's petition for writ of habeas corpus on these four convictions is pending.

2

his assertion of his Fifth Amendment privilege is irrelevant and unduly prejudicial. Defendants Harry Connick, Bryon Berry, and Roger Jordan oppose the motion.

## II. Discussion

Despite plaintiff's assertion to the contrary, it is well established that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 1558 (1976)(emphasis added). *See also United States v. Stein*, 233 F.3d 6, 15-16 (1st Cir. 2000); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 673-74 (5th Cir. 1999); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(citing cases). Provided there is probative evidence of the robberies, defendants may comment on plaintiff's assertion of his Fifth Amendment privilege. The Court has already found that plaintiff failed to show that evidence of the prior armed robberies is inadmissible or unduly prejudicial. (Apr. 20, 2001 Order at 4.) *See* FED. R. EVID. 401, 403. Therefore, the Court denies plaintiff's motion to prevent commentary on his assertion of his right to remain silent.

## III. Conclusion

For the foregoing reasons, the Court denies plaintiff's

motion to prevent commentary on his assertion of his right to remain silent.

New Orleans, Louisiana, this 23 day of April, 2001.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE