FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 15 PM 2:51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-0069 |
| ) | Section R Mag. 2 |
| ANTHONY SMALL et al. ) | CIVIL RIGHTS under 42 U.S.C. |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE BARRING
EVIDENCE CONTESTING ILLEGALITY OF ARREST WARRANT**

COMES NOW, the Plaintiff, and moves that this Court bar the defendants from contesting the illegality of the murder arrest warrant. In support of his motion, Plaintiff states as follows:[1]

1. In the trial court proceedings before Hon. Dennis Waldron, Judge, Criminal District Court, it has previously been determined that the capital murder arrest warrant[2] in this case was illegally obtained.

2. When Plaintiff's attorneys were provided with the NOPD file on his case, Plaintiff determined that each and every "fact" set out in Det. Small's affidavit in support of his arrest warrant was false, or intentionally misleading. Det. Small represented under oath:

---

[1] At the pre-trial conference on this case it was suggested that Plaintiff file this motion to narrow the issues prior to the trial of this case.

[2] No such finding was made with respect to the armed robbery arrest warrant. However, Plaintiff was arrested by Det. Anthony Small on the basis of the capital murder warrant and, only later, was rearrested on the other charges. Thus, the question of the second warrant goes only to mitigation of damages, not to liability.

1

> During the course of the investigation, the Detective developed the identity of the wanted subject, and Crimestopper **tips** corroborated this information. The Detective compiled a photographic line-up which contained a photograph of the Wanted Subject to present to the witnesses. On Thursday, **3-23-95 at 1:30** PM, the line-up was presented to one witness who **tentatively** identified the wanted suspect as the perpetrator. On Thursday, **3-23-95 at 9:05PM,** the line-up was presented to a second witness who **positively identified** the wanted subject as being the person responsible for the shooting death of victim Gerardi. On Saturday, **3-25-95 at 7:15PM,** the eyewitness, who was with victim Gerardi at the time of the shooting, positively identified the wanted subject as being the person she observed fire a single gunshot into the head of the victim.

(*Small Warrant Affidavit*) (PRA 154; 0054)

3. In fact, the only "tip" (singular) that corroborated this came *after* the line-up was shown to the first two witnesses (and, Plaintiff contended, had been falsified by Small). Small did not compile *one* line-up, but five, but he only showed the one with Plaintiff's picture in it to the witnesses at that time. Third, the purported "tentative identification" actually came from William Tierney who far from making any kind of identification, told Small:

> Q. Uh, but you were unable to actually see that person's face?
>
> **A. Right, I couldn't, I don't wanna finger anybody and get the wrong...**

(PRA 183, 7508) Tierney subsequently refused to cooperate with the prosecution because he felt forced and manipulated by the State.

4. The first "positive identification" was allegedly made by Alphonso Larkins. This was another lie. Mr. Larkins, according to the tape-recorded statement he gave to Det. Small, said: "like I say I really didn't look at his face. I was so busy watching him tie his shoe." By the time they came to the first trial, Small was trying to imply that he was the "tentative" identification he had mentioned.

2

5. Finally, Judge Waldron found that Det. Small's representation that Connie Babin provided a "positive identification" was intentionally misleading, given what the magistrate was *not* told: For example, in the incident report, the officer said "Ms. Babin stated she did not get a good look at the perpetrators and probably could not identify them." (Babin 7, Incident Report 5447, 5865). She subsequently gave a description that in no way fit the 5'11" Shareef Cousin:

> The main suspect was about **Five-feet-Six inches tall**, with a **thin** build, his **hair was bushy**, and he wore a dark jacket. She remembered seeing stripes on his shoes, when he bent down to fool with his shoes.

(PRA 315) In the now-infamous tape recorded statement, she had said:

> I don't know, it was dark and I did not have my contacts nor my glasses so I'm coming at this at a disadvantage . . . . He was either right at Mike's height or maybe just a little under and which I'm told Mike is about 5'7" or 5'8", er he didn't have a whole lot of hair on top, it wasn't bushy on top, it's not that he didn't have a whole lot, it just wasn't as bushy as the sides were and it was kind of curly cause you could see little . . . little pieces kinda sticking out a little bit . .er . .upper teens. . . . .but it like you said, they were at they were worse off for me because of the fact that I'm near sighted . . .

*March 5, 1995 Babin Statement.*

6. Thus, it was Judge Waldron's conclusion that Plaintiff's *Franks v. Delaware* motion should be granted. See Franks v. Delaware, 438 U.S. 154 (1978). The Babin "allegations of material omissions [are] to be treated essentially similarly to claims of material misstatements." United States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980) (citing United States v. Park, 531 F.2d 754, 758-59 (5th Cir. 1976)).

7. The consequences for the criminal trial were not of any great consequence. Very little

3

evidence was linked to the legality of the arrest.[3]

8. However, the State did seek appellate review by an application for writs. The court did not disturb Judge Waldron's factual findings, but found that the evidence could come in as it would inevitably have been discovered in a legal search based upon a warrant issued in the armed robbery cases.

9. Thus we are left with a situation where the state court's ruling concerning the illegality of the murder warrant should be given conclusive effect, and the defendants should be barred from contesting it.

## CONCLUSION

Wherefore, Plaintiff respectfully moves in limine that the Defendants be barred from contesting the illegality of his murder arrest warrant.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

---

[3] This only related to the boots and bicycle seized at the house. Neither was of any consequence, since the bike was not relevant to anything, and now Plaintiff had access to the police reports reflecting that both Babin and Larkins had explicitly stated that the boots (which belonged to Plaintiff's mother and were several sizes too small for him) were *not* the ones worn by the perpetrator.

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

    Done this 15th day of May, 2001.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-0069 |
| | ) | Section R Mag. 2 |
| ANTHONY SMALL, *et al.* | ) | CIVIL RIGHTS under 42 U.S.C. |
| | ) | §§ 1983, 1985, 1986 & 1988 |
|         Defendants. | ) | |

**ORDER**

On, *Plaintiff's Motion in Limine Barring Evidence Contesting Illegality of Arrest Warrant*, being duly apprised of the premises, it is hereby ORDERED that the motion be GRANTED.

Done this ___ day of _____, 2001.

_____
JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN, )
)
        Plaintiff, )
)
v. )   Civil No. 00-0069
)   Section R Mag. 2
ANTHONY SMALL et al. )   CIVIL RIGHTS under 42 U.S.C.
)
        Defendants. )
_____)

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE BARRING
EVIDENCE CONTESTING ILLEGALITY OF ARREST WARRANT**

COMES NOW, the Plaintiff, and files the following memorandum of law in support of his motion in limine to bar the defendants from contesting the illegality of the murder arrest warrant.

"In order to successfully invoke collateral estoppel, a party must demonstrate: (1) that the issue in question was actually raised and litigated in the prior proceeding; (2) that the determination was a critical and necessary part of the final judgement in the earlier litigation; and (3) that the issue in the later proceeding is the same as that involved in the prior action." United States v. Farmer, 923 F.2d 1557, 1563 (11th Cir. 1991) (citing Delap v. Dugger, 890 F.2d 285, 314 (11th Cir. 1982), cert denied, 110 S.Ct. 2628 (1990)).

Collateral estoppel is properly invoked "if the issue in the subsequent proceeding is identical to the one involved in the prior action [and] the issue if actually litigated. . . ." Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982). Similarly, collateral estoppel does not just bar relitigation of certain facts and theories -- "it may bar prosecution or argumentation of facts. . . ." Ferenc v.

1

Dugger, 867 F.2d 1301, 1303 (11th Cir. 1988).

In this case, the question was actually litigated. The parties had precisely the same interests. The burden was precisely the same (the defendant in that case, now the plaintiff in this, bore the burden of proof by a preponderance of the evidence). And Judge Waldron made his decision. This use of collateral estoppel is justified by the law, and will substantially narrow the issues at the trial of this case.

## CONCLUSION

Wherefore, Plaintiff respectfully moves in limine that the Defendants be barred from contesting the illegality of his murder arrest warrant.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

## Certificate of Service

   I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

   Done this 15th day of May, 2001.

_____

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN,<br><br>     Plaintiff,<br><br>v.<br><br>ANTHONY SMALL, DWIGHT DEAL and<br>PATRICK JOHNSON, NOPD Officers,<br>along with BYRON BERRY, also<br>ROGER JORDAN & GREG KENNEDY,<br>individually and in their<br>capacities as senior Assistant<br>District Attorneys,<br>HARRY CONNICK, individually and<br>in his capacity as District<br>Attorney for Orleans Parish,<br>RICHARD PENNINGTON, in his<br>capacity as Superintendent, New<br>Orleans Police Department, the<br>CITY OF NEW ORLEANS, & JOHN DOE,<br>an unknown Officer of the New<br>Orleans Police Department,<br><br>     Defendants. | Civil No. 00-0069<br>Section R Mag. 2<br>CIVIL RIGHTS under 42 U.S.C.<br>§§ 1983, 1985, 1986 & 1988<br><br><br><br><br><br><br><br><br><br><br><br><br>*JURY TRIAL* |

To: William F. Wessel
   127 Camp Street
   New Orleans, La. 70130-2507

   George Wallace
   Office of the City Attorney
   1300 Perdido Street, 5th Floor East
   New Orleans, La. 70112

### NOTICE OF HEARING

Please take note that the

1

*Plaintiff's Motion in Limine Barring Evidence Contesting Illegality of Arrest Warrant*

is hereby set for a hearing on the _6th_ day of __June__, 2001, at **10** o'clock.

Respectfully Submitted,

CLIVE A. STAFFORD SMITH
La. Bar No. 14444
636 Baronne Street
New Orleans, La. 70113
(504) 558-9867

Attorney for the Plaintiff

## Certificate of Service

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 15th day of May, 2001.

_____
Clive A. Stafford Smith

3