UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |

*********************************************

## OPPOSITION OF DEFENDANTS HARRY F. CONNICK, ROGER JORDAN and BYRON BERRY TO PLAINTIFF'S MOTION FOR ENTRY OF RULE 54(B) JUDGMENT

This matter is presently pending before the U.S. Fifth Circuit Court of Appeals on Plaintiff's Notice of Appeal filed in connection with this Court's dismissal on June 4, 2001 of all claims filed herein against Defendants District Attorney Harry F. Connick, Assistant District Attorney Roger Jordan and former Assistant District Attorney Byron Berry, all of whom were sued in both their official and their individual capacities. Following the lodging of the record on appeal, the U.S. Fifth Circuit Court of Appeals ordered that the parties brief the issue of the court's jurisdiction to entertain this appeal given plaintiff's failure to seek and secure entry of final judgment under Federal Rule of Civil Procedure 54(b). Pursuant to the instructions of the Court of Appeals, both parties have now submitted briefs which cover the specific question raised by the court, as well as the merits of the appeal. Plaintiff/appellant Cousin has argued that by granting his Motion to Stay Proceedings pending appeal, this Court has indicated its intent to certify its June 4, 2001 as a "final judgment" which in the interests of justice should be

1

immediately appealable, but Fifth Circuit precedent does not appear to support this argument. Plaintiff seeks as this late stage to cure the defect in his appeal by obtaining a Rule 54(b) judgment *nunc pro tunc*.

Defendants/appellees oppose Plaintiff's motion inasmuch as there exists grave doubt as to the jurisdiction of this Court to entertain this motion. In <u>Kirtland v. J. Ray McDermott & Co.</u>, 568 F.2d 1166 (5th Cir. 1978), plaintiff's appeal of the district court's order granting one defendant's motion for summary judgment was dismissed. Plaintiff's notice of appeal was filed one day prior to entry of the certification required by Rule 54(b). As pointed out in the opinion of the Court of Appeals therein, filing of the notice of appeal divests the district court of jurisdiction, and therefore the subsequent certification under Rule 54(b) and entry of judgment were ineffective. Even in <u>Crowley Maritime Corporation v. Panama Canal Commission</u>, 849 F.2d 951 (5th Cir. 1988), upon which Plaintiff relies in connection with his assertion that certification of the Court's June 4, 2001 now will cure the prematurity of his notice of appeal and permit consideration of the merits of the appeal by the Fifth Circuit, recognized that different panels of the Fifth Circuit have rendered contradictory decisions on this issue.

Defendants respectfully suggest that now is not the time to consider the issues raised by Plaintiff's motion. To do so now will raise new questions regarding the jurisdiction of the Court of Appeal to consider Plaintiff's appeal and may require additional briefing. To delay consideration of the issues raised by Plaintiff's motion will cause Plaintiff no prejudice. If Plaintiff was correct in his argument made to the Court of Appeals, that Court will exercise now its jurisdiction to review the dismissal of Plaintiff's claims against Defendants/appellees Connick, Jordan and Berry on its merits. If Plaintiff was not correct, the appeal will be dismissed

as premature, and Plaintiff can at that time re-urge his Motion to this Court. Assuming that this Court would then grant the Motion to certify its order of June 4, 2001 under Rule 54(b), the appeal can be resubmitted to the Court of Appeals on the basis of the record and the briefs which have already been prepared.

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion for Entry of Final Judgment Nunc Pro Tunc.

Respectfully submitted,

_____
William F. Wessel (#8551)
WESSEL & ASSOCIATES,
A LAW CORPORATION
127 Camp Street
New Orleans, LA 70130
Telephone: (504) 568-1112

And


VICTORIA LENNOX BARTELS (#2791)
127 Camp Street
New Orleans, LA 70130
Telephone: (504) 568-1112

## Certificate of Service

I hereby certify that a copy of the above and foregoing Opposition Memorandum has been served upon:

>Clive A. Stafford-Smith
>LOUISIANA CRISIS ASSISTANCE CENTER
>636 Baronne Street
>New Orleans, LA 70113

by placing same in the U.S. Mail, postage prepaid, this 31st day of December, 2001.

_____
WILLIAM F. WESSEL