IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

SHAREEF COUSIN, )
 )
        Plaintiff, )
v. ) No. 2:00-CV-69-R
 )
ANTHONY SMALL, *et al.*, )
 )
        Defendants. )

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR ENTRY OF FINAL JUDGMENT NUNC PRO TUNC

Under the current law of this Circuit, this Court has jurisdiction to entertain the Plaintiff's motion for entry of final judgment *nunc pro tunc* pursuant to Fed. R. Civ. P. 54(b). As the court held in *Crowley Maritime Corporation v. Panama Canal Commission*, 849 F.2d 951 (5th Cir. 1988), the Fifth Circuit follows the majority rule that a court of appeals "may consider a premature appeal in those cases where judgment becomes final prior to disposition of the appeal." 849 F.2d at 953 (quoting *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1166 (5th Cir. 1984)); *id.* at 954 n.1. That rule controls here. This Court has jurisdiction to enter 54(b) certification at any time prior to the disposition of Plaintiff's appeal.

Defendants, who continue vigorously to contest the jurisdiction of the Court of Appeals to hear Plaintiff Cousin's appeal of this Court's June 4 Order on the grounds that the Order did not make explicit reference to Rule 54(b), now claim that this Court also lacks jurisdiction over the case. Defendants cannot have it both ways. Contrary to Defendants' protests, the filing of a notice of appeal does not strip a district court of the authority to enter a Rule 54(b) certification in order to clarify that its judgment was, in fact, intended to be immediately appealable. As the Fifth Circuit's decision in *Crowley* makes amply clear, the one case on which Defendants rely in

their opposition, *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978), is no longer good law. The vast majority of cases in the Circuit have disapproved the rule the panel adopted in *Kirtland*, including a case decided prior to *Kirtland*. *See Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1231 (1973) (holding that a court of appeals may consider a premature appeal where judgment becomes final prior to disposition of the appeal); *see also Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1166 (5th Cir. 1984) (citing cases recognizing *Jetco* as the rule of the Circuit).

As *Crowley* recognized, the Fifth Circuit is bound by the rule first adopted in *Jetco*:

> Despite [*Kirtland*] to the contrary, the older precedent in this circuit holds that we may consider a premature appeal in those cases where judgment becomes final prior to disposition of the appeal. *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973). The *Jetco* rule has been recognized and followed in this circuit in a number of cases. . . .
>
> . . . In choosing between conflicting precedents, this court has held that the older rule is presumptively correct. . . . The preference for the older authority is clearly appropriate here, where *Jetco* has been acknowledged repeatedly as the law of this circuit.

*Crowley*, 849 F.2d at 953-54 (quoting *Alcorn County*, 731 F.2d at 1166); *see also id.* at 954 ("We are bound by *Alcorn County*, whose reference to older precedent controls where an intra-circuit conflict exists.").

Far from raising new questions regarding the court of appeals' jurisdiction, as Defendants claim, the entry of final judgment *nunc pro tunc* will have exactly the opposite effect: It will conclusively resolve any questions as to the Court of Appeals' jurisdiction that might remain after this Court's June 4 Order, allowing the Court of Appeals to proceed to the substance of Plaintiff's case. This Court's entry of Rule 54(b) certification will allow both this Court and the Court of Appeals to avoid the needless delay and waste of judicial resources that would result from following the course that Defendants suggest in order to confirm what this Court has

already made clear: that the June 4 order was, in fact, intended to be an immediately appealable final judgment.

For the foregoing reasons, this Court should grant the Plaintiff's Motion for Entry of Final Judgment *Nunc Pro Tunc*.

Dated: 17th January, 2002.

Respectfully submitted,

Clive A. Stafford-Smith
636 Baronne Street
New Orleans, LA 70113
Tel: (504) 558-9867
Fax: (504) 558-0378

Donald B. Verrilli, Jr.
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon:

George Wallace
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

by mailing the same via First Class U.S. Mail, properly addressed and postage prepaid on this 17th day of January, 2002.

_____
Clive A. Stafford Smith