*CL Appeal*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

2001 DEC -3 PM 4: 22

LORETTA G. WHYTE
CLERK

|  |  |  |
|---|---|---|
| SHAREEF COUSIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:00-CV-69-R |
| | ) | |
| ANTHONY SMALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR ENTRY
## OF FINAL JUDGMENT NUNC PRO TUNC

Plaintiff Shareef Cousin ("Cousin"), by his counsel, respectfully moves this Court for entry of final judgment *nunc pro tunc* with respect to the Court's Order of June 4, 2001, dismissing all claims against Defendants Harry F. Connick, Roger W. Jordan, Jr., and C. Byron Berry, Jr., pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7.

The grounds for this Motion, as set forth in the Memorandum in Support, are that there is no just reason for delay in entering final judgment on such claims, and that directing entry of judgment would advance the interests of sound judicial administration by ensuring that the claims against the remaining defendants and against Defendants Connick, Jordan, and Berry, should they be reinstated, can be heard at one trial.

Plaintiff Cousin seeks this *nunc pro tunc* relief because an issue has arisen in the United States Court of Appeals as to whether this Court's June 4, 2001 order is appealable. Entry of the requested *nunc pro tunc* order would clarify that the order is appealable.

WHEREFORE, in accordance with Fed. R. Civ. P. 54(b), this Court should grant this

Motion and direct entry of final judgment as requested herein.

Clive A. Stafford-Smith
LOUISIANA CRISIS ASSISTANCE CENTER
63 Baronne Street
New Orleans, LA 70113
Tel: (504) 558-9867
Fax: (504) 558-0378

Donald B. Verrilli, Jr.
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

*Counsel for Plaintiff*

Dated: December 3, 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| SHAREEF COUSIN,<br><br>            Plaintiff,<br>   v.<br><br>ANTHONY SMALL, *et al.*,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)   No. 2:00-CV-69-R<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR  ENTRY OF FINAL JUDGMENT NUNC PRO TUNC

Plaintiff Shareef Cousin ("Cousin"), by his counsel, respectfully submits this Memorandum in Support of his motion for entry of final judgment *nunc pro tunc* pursuant to Fed. R. Civ. P. 54(b).  For the reasons set forth below, the Court should enter final judgment with respect to the Court's Order of June 4, 2001, dismissing all claims against Defendants Harry F. Connick, Roger W. Jordan, Jr., and C. Byron Berry, Jr. (the "prosecutor defendants"), thereby permitting the claims against the remaining defendants and against the prosecutor defendants, should they be reinstated, to be heard at one trial.

Plaintiff Cousin seeks this *nunc pro tunc* relief because an issue has arisen in the United States Court of Appeals as to whether this Court's June 4, 2001 order is appealable.  Entry of the requested *nunc pro tunc* order would clarify that the order is appealable.

### BACKGROUND

On January 7, 2000, Plaintiff Cousin filed a civil action in the U.S. District Court for the Eastern District of Louisiana against Anthony Small, Dwight Deal, and Patrick Jones, individually and in their capacities as Officers of the New Orleans Police Department; C. Byron

Berry ("Berry"), Roger W. Jordan, Jr. ("Jordan"), and Greg Kennedy, individually and in their

capacities as senior Assistant District Attorneys; Harry F. Connick ("Connick"), individually and

in his capacity as District Attorney for Orleans Parish; Richard Pennington, in his capacity as

Superintendent of the New Orleans Police Department; the City of New Orleans; and John Roe,

an unknown officer of the New Orleans Police Department. The claims alleged in the complaint

arose from the defendants' wrongful conduct in securing the Cousin's murder conviction and

death sentence in 1996, which were later overturned by the Louisiana Supreme Court on the

grounds of prosecutorial misconduct. *State of Louisiana v. Cousin*, 710 So. 2d 1065 (La. 1998).

In his action, the Plaintiff asserted claims under 42 U.S.C. §§ 1983 and 1985 for

compensatory and punitive damages, as well as declaratory and injunctive relief. Defendant

prosecutors Connick, Jordan, and Berry moved to dismiss Plaintiff's claims pursuant to Fed. R.

Civ. P. 12(b)(6), or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. On June

4, 2001, this Court granted the motions as to Defendants Berry and Jordan on the basis of the

doctrine of absolute prosecutorial immunity, and as to Defendant Connick on the grounds that

Cousin had not demonstrated the existence of a genuine issue of material fact regarding whether

Connick had failed adequately to train and supervise his employees. On June 5, 2001, the

Plaintiff entered a notice of intent to appeal the judgments in favor of the prosecutor defendants

and a motion to stay all further proceedings against the remaining defendants in the interests of

judicial economy, pending disposition of the appeal. This Court granted that motion on June 5,

2001. Plaintiff's appeal of the June 4 order is currently pending in the U.S. Court of Appeals for

the Fifth Circuit. Both parties have already filed briefs in that appeal.

The Court of Appeals has raised the question of whether it has jurisdiction to hear the

appeal under 28 U.S.C. § 1291, which grants the court the jurisdiction to hear appeals from "final

decisions of the district courts." Plaintiff has argued to the Court of Appeals that the June 4

-2-

order was in substance, and was intended to be, a partial final judgment pursuant to Rule 54(b), and that the June 5 order staying the proceedings pending disposition of the appeal constituted the necessary determination that "there is no just reason for delay." Defendants, however, contest the court's jurisdiction on the grounds that the June 4 order does not make explicit reference to Rule 54(b).

**ARGUMENT**

**I.    THE COURT SHOULD GRANT THIS MOTION BECAUSE THERE IS NO JUST REASON FOR DELAYING JUDGMENT ON THE CLAIMS RESOLVED IN THE JUNE 4, 2001 ORDER**

A district court may ensure the reviewability of decisions it intends to be final, even if the court does not dispose of all claims in the case, by entering a Rule 54(b) judgment on those issues that fall within the scope of the Rule. *H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988). Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Plaintiff Cousin requests that this Court exercise its authority under this provision because there is no just reason for delay in the entry of final judgment as to the claims against the prosecutor defendants, and because to do so would further the interests of justice and sound judicial administration.

Rule 54(b) certification is proper if: (1) the district court has made a decision that conclusively resolves at least one claim in a case involving multiple claims or multiple parties, and (2) the court makes an express determination that there is no just reason to delay the entry of judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). When deciding whether to grant Rule 54(b) certification, it is appropriate for the district court "to consider such

-3-

factors as whether the claims under review were separable from the others remaining to be

adjudicated and whether the nature of the claims already determined was such that no appellate

court would have to decide the same issues more than once even if there were subsequent

appeals." *Curtiss-Wright*, 446 U.S. at 8. In making its decision, "a district court must take into

account judicial administrative interests as well as the equities involved." *Id.*

This is a case involving multiple claims and multiple parties within the contemplation of

Rule 54(b) of the Federal Rules of Civil Procedure. The Court's June 4, 2001 order completely

disposed of all claims against three of the defendants. Those claims are separate and distinct

from the claims against the other defendants, and that disposition had no bearing on the

remaining claims in the case against the other defendants. The dismissal of the claims against

the prosecutor defendants is therefore the proper subject of an entry of final judgment under Rule

54(b). *See Ackerman v. FDIC*, 973 F.2d 1221, 1225 (5th Cir. 1992). The lack of any substantial

relationship between the claims disposed of by the Court's June 4 order and those remaining in

the case means that there is no risk that an "appellate court would have to decide the same issues

more than once." *Curtiss-Wright*, 446 U.S. at 8. There is therefore no reason to delay the entry

of final judgment as to the claims against Defendants Connick, Berry, and Jordan while awaiting

disposition of the claims against the remaining defendants.

When, as in this case, the unadjudicated claims are sufficiently distinct from those

decided, so that duplicative appellate review will be avoided, entry of a separate judgment is

proper if it will "advance the interests of sound judicial administration and justice to litigants."

*Curtiss-Wright*, 446 U.S. at 5. As this Court recognized in its June 5 order staying the

proceedings against the remaining defendants, it is in the interests of justice and judicial

economy to permit review of the dismissals of the prosecutor defendants before continuing the

proceedings. To proceed against the remaining defendants prior to review of the dismissals

-4-

would be an inefficient use of judicial resources, when there is a chance that the prosecutor defendants will later be the subject of another, very similar trial.

## II.  THE COURT MAY PROPERLY DIRECT THE ENTRY OF JUDGMENT NUNC PRO TUNC IN ORDER TO ESTABLISH APPELLATE JURISDICTION

When a judgment has been rendered, but has not been entered as a final judgment pursuant to Fed. R. Civ. P. 54(b), that judgment may be entered *nunc pro tunc* in order to ensure its reviewability.  The Fifth Circuit, like most other courts to address the issue, has held that notice of appeal filed prior to entry of final judgment ripens upon entry of *nunc pro tunc* certification under Rule 54(b), thereby establishing appellate jurisdiction.  *Crowley Mar. Corp. v. Pan. Canal Comm'n*, 849 F.2d 951, 954 (5th Cir. 1988); *see also, e.g.*, *State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001) ("We elect to follow the majority of other circuits and hold that a premature notice of appeal ripens upon entry of a proper 54(b) certification."); *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) ("We now hold that a premature notice of appeal ripens upon the entry of a proper Rule 54(b) certification, regardless of whether the certification is entered *nunc pro tunc*. This holding is consistent with the majority of our sister circuits that have addressed this issue."); *Clausen v. Sea-3, Inc.*, 21 F.2d 1181, 1184 (1st Cir. 1994) ("The majority of circuits . . . have held that a belated Fed. R. Civ. P. 54(b) certification ripens a premature notice of appeal as of the date of the certification.").

In this case, both parties have already filed briefs in the appeal of the June 4 order, which is now pending in the Fifth Circuit Court of Appeals.  Prompt entry of judgment will remove any doubt as to that court's jurisdiction to hear the appeal now before it.  The Court's *nunc pro tunc* certification of the dismissals of the prosecutor defendants, pursuant to Rule 54(b), will allow immediate review of the Court's June 4 order, thereby preventing needless delay and waste of judicial resources.

## CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiff's Motion for Entry of

Final Judgment *Nunc Pro Tunc*.  A proposed order is attached for the Court's convenience.

Dated: December 3, 2001.

Respectfully submitted,

Clive A. Stafford-Smith
LOUISIANA CRISIS ASSISTANCE CENTER
63 Baronne Street
New Orleans, LA 70113
Tel: (504) 558-9867
Fax: (504) 558-0378

Donald B. Verrilli, Jr.
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

*Counsel for Plaintiff*

-6-

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing pleading upon the following by mail:

Albert Thibodeaux
Office of the City Attorney
1300 Perdido Street, 5th Floor East
New Orleans, La. 70112

William F. Wessel
127 Camp Street
New Orleans, La. 70130-2507

Done this 3rd day of December, 2001.