FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -4 PM 12: 09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREEF COUSIN | CIVIL ACTION |
| VERSUS | NO: 00-0069 |
| ANTHONY SMALLS, et al | Section: "R"(2) |

### ORDER AND REASONS

Before this Court is plaintiff's motion for determination and entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons the Court grants plaintiff's motion.

I.   **Background**

On June 4, 2001, the Court issued an order dismissing all claims against Harry F. Connick, Roger W. Jordan, Jr., and C. Byron Berry, Jr ("prosecutor defendants"). On June 5, 2001, the Court granted plaintiff Shareef Cousin's motion to file an immediate appeal with the Fifth Circuit Court of Appeals and granted his motion to stay all further proceedings against the remaining defendants in the interests of judicial economy. At

DATE OF ENTRY
FEB 0 4 2002

the time Cousin filed his appeal, this Court had not filed a final order of judgment under Rule 54(b).

Cousin now moves this Court to issue a final judgement *nunc pro tunc* with respect to the Court's June 4, 2001 order. Defendants oppose this motion, questioning the Court's jurisdiction to issue such a certification while the appeal remains pending.

**II   Analysis**

Before addressing plaintiff's motion for entry of final judgment, the Court must first address its authority to retroactively certify an appeal already filed. While there is conflicting Fifth Circuit guidance, the "more prevalent" guidance is that a district court may certify a judgment as "final prior to disposition on appeal." *Riley v. Wooten*, 999 F.2d 802, 805 (5th Cir. 1993) (quoting *Alcorn County v. U.S. Interstate Supplies Inc.*, 731 F.2d 1160, 1166 (5th Cir. 1984)) (citing numerous Fifth Circuit opinions to prove prevalence). *See also Crowley Maritime Corp. v. Panama Canal Commission*, 849 F.2d 951, 954 n. 1 (5th Cir. 1988) ("*Alcorn County* is now the majority rule.") *Cf. Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1168 (5th Cir. 1978). Accordingly, the Court finds that it has the authority to certify its June 4, 2001 order as final.

When deciding whether to certify a judgment under Rule

54(b), a district court must make two determinations. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8, 100 S. Ct. 1460, 1464-65 (1980). "First, the district court must determine that 'it is dealing with a final judgment."' *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises*, 170 F.3d 536, 539 (5th Cir. 1999) (quoting *Curtiss-Wright*, 446 U.S. at 7, 110 S. Ct. at 1464). A judgment is final if "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 7, 110 S. Ct. at 1464). Second, the district court must determine "whether any just reason for delay exists." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8, 110 S. Ct. at 1465). In making this determination, the district court must weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S. Ct. 322, 324 (1950)). A major factor the court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals."' *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright*, 446 U.S. at 8, 100 S. Ct. at 1465).

Here, under the first factor for determination, the Court finds that the June 4, 2001 order is an ultimate disposition because the Court found that the "prosecutor defendants" had immunity and dismissed them from the case.  After weighing the considerations under the second factor, the Court finds no just reason to delay certifying that order as final, particularly in light of the fact that the Court also granted a motion on June 5, 2001 to stay the proceedings against the remaining defendants pending appeal on the immunity issue.

Therefore, the Court grants plaintiff's motion to enter final judgment.

New Orleans, Louisiana, this \_\_4th\_\_ day of February, 2002.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE